JAMES S. HILL and wife and others v. JOHN M. BROWER.

*False Representations -- Contract.*

1. Where representations are made by one party to a contract, which may be reasonably relied on by the other, and those representations are false and fraudulent and cause injury to the party relying on them, he is entitled to relief.

2. Where the quantity of land represented is the inducement to the purchase, and there is fraud in the sale, it vitiates the whole contract and is sufficient ground for setting aside the sale.

3. The maxim of *caveat emptor* does not apply in cases where there is actual fraud.

( *Wilcoxon* v. *Calloway,* 67 N. C. 463, and *Walsh* v. *Hall,* 66 N. C. 233, cited and approved.)

This was a PROCEEDING for the sale of land, for the purpose of reinvesting the fund arising therefrom, heard at Fall Term, 1876, of SURRY Superior Court, before *Cloud, J.*

HILL v. BROWER.

The plaintiffs originally filed an *ex parte* petition tor the sale of certain lands in Surry County, and Edwin H. Banner was appointed a Commissioner to make the sale, which was accordingly done, and the defendant became the purchaser in the sum of $8,000. The defendant paid the amount of the purchase money, except the sum of $2,500, which he declined to pay, for the reason, as he alleged, that the Commissioner had fraudulently deceived him as to the number of acres contained in the tract, and insisted in consequence thereof that he had paid enough. This action was then instituted to secure the balance of the purchase money.

His Honor in the Court below ordered a reference to ascertain what abatement should be made in the price of the land sold to the defendant, from which order the plaintiffs appealed.

*Mr. J. F. Graves*, for the plaintiffs.
*Mr. J. A. Gilmer*, for the defendant.

BYNUM, J. The tract of land purchased by the defendant contained 486 acres, whereas he believed it contained upwards of 700 acres. It is found by the Court trying the facts as a jury, that the quantity of land supposed was a material inducement to the purchase, and that the defendant was deceived into the purchase by the false and fraudulent representations of Banner, who was appointed by the Court, Commissioner to make the sale, and did sell the land to the defendant. When representations are made by one party to a contract, which may be reasonably relied on by the other, and those representations are false and fraudulent and cause injury and loss to the party relying on them, he is entitled to relief

The maxim of *caveat emptor* does not apply in cases where there is actual fraud. The representations of Banner, and his exhibit of the map and plat of the land, and his calcula-

tions of the quantity, not only caused the defendant to make no survey, but put to sleep any further inquiry as to the quantity of land. An actual survey was thus prevented by the artifice and contrivance of the other party. This reasonably accounts for the apparent laches of the defendant in not sooner discovering the fraud. *Wilcoxon* v. *Calloway*, 67 N. C. 463. *Walsh* v. *Hall*, 66 N. C. 233.

Banner, the Commissioner, was the officer appointed by the Court to make the sale under its direction, and when the frauds of its officer in executing its orders are brought to its notice, the Court will give redress to the party injured.

Where the quantity of land represented, is the inducement to the purchase, and fraud in the sale is alleged and found, it is not a proper ground for an abatement of the price, but it vitiates the whole contract and is a sufficient ground for rescinding and setting aside the sale *in toto.* To this, we are informed by his counsel, the plaintiff assents. Unless therefore, the defendant elects to complete his purchase upon the terms of his contract with Banner, the contract of sale will be rescinded and set aside and a resale ordered. It is alleged that valuable improvements have been put upon the premises by the defendant. If the land sells for so much, he is entitled to the repayment, with interest, of the purchase money paid and also to the value of his improvements put upon the land ; with the qualification however, that the improvements must be estimated according to the enhanced value conferred upon the land thereby. The defendant must account for rents and profits. A reference and account will be had. There is error. Judgment reversed and case remanded to be proceeded with in accordance with this opinion.

PER CURIAM. Judgment reversed.