WILLIAM E. MARSHALL, JR., PLAINTIFF v. MICHAEL J. KEAVENY AND WIFE, MARION T. KEAVENY, DEFENDANTS AND THIRD PARTY PLAINTIFFS v. HANNON REAL ESTATE, INSURANCE AND DEVELOPMENT COMPANY, THIRD PARTY DEFENDANT.

No. 7810DC120

(Filed 21 November 1978)

1. **Evidence § 32.6; Fraud § 11— parol evidence rule—fraudulent misrepresentations**

   A provision in a written contract for the sale of a house that no representations other than those expressed in the contract were a part of the agreement did not so closely relate to the precise subject matter of the seller's alleged misrepresentations of the heated square footage of the house as to preclude an action by the buyer based on those alleged misrepresentations, and parol evidence was, therefore, admissible to show that the written contract was procured by the alleged misrepresentations of the seller's agent as to the heated square footage of the house.

2. **Fraud § 5.1— representations as to square footage of house—no reasonable reliance by buyer**

   -The buyer of a house could not reasonably rely on representations of the seller or the seller's agent as to the heated square footage of the house where the buyer had full opportunity to inspect the house and could have determined the square footage therein for himself by simple measurements and mathematical computations.

**3. Rules of Civil Procedure § 56.5 — ruling on summary judgment motion — findings and conclusions not necessary**

It is not a part of the function of the court on a motion for summary judgment to make findings of fact and conclusions of law.

APPEAL by plaintiff from *Parker, Judge*. Judgment entered 4 November 1977 in District Court, WAKE County. Heard in the Court of Appeals 26 October 1978.

The plaintiff, William E. Marshall, Jr., brought this action against the defendants, Michael J. Keaveny and wife, Marion T. Keaveny, alleging that they had misrepresented the number of heated square feet in their home, thereby fraudulently inducing the plaintiff into purchasing that home. The defendants answered denying the allegations of the complaint and moving that the action be dismissed. The defendants later moved for summary judgment in their favor pursuant to G.S. 1A-1, Rule 56 on the ground that no genuine issue as to any material fact was presented and that the defendants were entitled to judgment as a matter of law. Both parties filed affidavits. After a hearing, the trial court granted summary judgment for the defendants from which the plaintiff appealed.

The facts hereinafter set forth, as drawn from the pleadings and affidavits of the parties, are not in dispute. During the fall of 1971, the defendants listed their home at 915 Collins Drive in Raleigh with Hannon Real Estate, Insurance and Development Company [hereinafter "Company"], the third party defendant. In response to a newspaper advertisement, the plaintiff spoke by telephone to Patrick Hannon, Jr., an employee of the Company. During this conversation Hannon advised the plaintiff that the house contained 1,700 heated square feet. The advertisement which the plaintiff answered in calling the Company also referred to the house as having 1,700 heated square feet. At the bottom of the printed portion of that advertisement and immediately above a photograph of the house, however, the advertisement stated that, "The above information is believed to be accurate but is subject to verification by the buyer." On the same day he first spoke to Hannon by telephone, the plaintiff went to the house. While walking through the house, he was again told by Hannon that the house contained 1,700 heated square feet.

After viewing the house, the plaintiff made an offer to purchase it for $31,000 or $1,500 less than the listed price of $32,500. The defendants accepted his offer, and the parties entered into a written contract for the purchase of the house from the defendants by the plaintiff with the plaintiff making an earnest money deposit of $500. The contract made no reference to the number of square feet contained in the house and contained a clause stating that, "It is understood that no representations other than those expressed herein, either oral or written, are a part of this agreement."

After entering into the contract to purchase the house, the plaintiff discovered that it in fact contained only 1,410 heated square feet. The plaintiff notified Hannon of his discovery, and Hannon met the plaintiff at the house. They then measured the house and ascertained that it contained only 1,410 heated square feet. The plaintiff sought to have the defendants release him from the terms of the contract, but they refused to return his earnest money or otherwise agree. On 3 December 1971 the plaintiff purchased the house pursuant to the terms of the contract and, at the same time, served the defendants with a written reservation of any rights to recourse he might have as a result of misrepresentations by the defendants or their agents. The plaintiff initiated this action on 1 November 1974. The defendants filed their motion for summary judgment on 11 October 1977, which resulted in the summary judgment in their favor from which the plaintiff appealed. The trial court's order of summary judgment made no reference to the third party defendant, and it is not involved in this case on appeal.

*Donald H. Solomon for plaintiff appellant.*

*Ragsdale, Liggett & Cheshire, by William J. Bruckel, Jr., and Michael A. Swann, for defendants-third party plaintiffs-appellees.*

MITCHELL, Judge.

The plaintiff first assigns as error the action of the trial court in granting the defendants' motion for summary judgment. He contends in support of this assignment that his pleadings and the documents filed in support thereof were sufficient to support an action against the defendants for fraudulent misrepresentation of the heated square footage contained in the house which they sold to him. We do not agree.

Our courts have joined the preponderance of American jurisdictions in holding that, in proper cases, a seller's fraudulent misrepresentation concerning the acreage or quantity of real property which he sells to a buyer is actionable. *Swinton v. Realty Co.*, 236 N.C. 723, 73 S.E. 2d 785 (1953); *Shell v. Roseman*, 155 N.C. 90, 71 S.E. 86 (1911); *Hill v. Brower*, 76 N.C. 124 (1877); *Walsh v. Hall*, 66 N.C. 233 (1872) (disapproving prior cases *contra*); 37 Am. Jur. 2d Fraud and Deceit § 233, pp. 312-13; Annot., 54 A.L.R. 2d 660 (1957). In such cases the buyer has the right at his election to rescind or to keep the property and recover the difference between its actual value and its value as represented. *Horne v. Cloninger*, 256 N.C. 102, 104, 123 S.E. 2d 112, 113 (1961). There is also considerable authority for the proposition that a seller is responsible to third parties for the misrepresentations of his agent or real estate broker as to acreage. *Norburn v. Mackie*, 262 N.C. 16, 136 S.E. 2d 279 (1964); Annot., 58 A.L.R. 2d 10 (1958). Courts have not normally distinguished between fraud as to real or personal property in choosing such rules. *Johnson v. Owens*, 263 N.C. 754, 140 S.E. 2d 311 (1965); Annot., 13 A.L.R. 3d 875, 936 (1967).

[1] The defendants contend nonetheless that any misrepresentations by them or their agents as to the heated square footage contained in the house they sold the plaintiff could not be the basis of an action against them by the plaintiff. In support of this contention, the defendants point out that the contract for the purchase and sale of the house made no reference to heated square footage and specifically provided that, "It is understood that no representations other than those expressed herein, either oral or written, are a part of this agreement." The defendants assert that to allow the plaintiff to present evidence concerning the representations made by Hannon as to the heated square footage of the house would be to allow parol testimony of prior or contemporaneous negotiations or conversations inconsistent with the written contract and would violate the parol evidence rule. This argument overlooks the fact that an action for fraudulent misrepresentations inducing the plaintiff to enter a contract is an action in tort and not an action in contract, and the rule that prior conversations and negotiations are merged into the writing does not apply. *See Fox v. Southern Appliances, Inc.*, 264 N.C. 267, 141 S.E. 2d 522 (1965).

Fraud alleged as a defense to the enforcement of a written contract is not an attempt to vary or contradict the terms of the contract, for if the fraud is proven it nullifies the contract. *White v. Products Co.*, 185 N.C. 68, 116 S.E. 169 (1923). We do not find that the clause of the contract relied upon by the defendants so closely relates to the *precise* subject matter of the defendants' alleged misrepresentations of heated square footage as to preclude the plaintiff's action based upon these alleged misrepresentations. *See Fox v. Southern Appliances, Inc.*, 264 N.C. 267, 141 S.E. 2d 522 (1965). Parol evidence was, therefore, admissible to show that the written contract was procured by the prior alleged misrepresentations of Hannon as to the heated square footage contained in the house.

[2] Having so decided, we are confronted with the issue of whether as a matter of law the plaintiff could reasonably rely on the alleged prior representations, or, on the other hand, this was an issue for the jury. We hold that the trial court correctly determined as a matter of law that the plaintiff could not reasonably rely on the alleged prior misrepresentations as to heated square footage, and that the granting of summary judgment for the defendants was not error.

We note that in cases involving misrepresentations as to quantity or acreage, our courts appear to have taken a somewhat more tolerant attitude toward those contending they have been defrauded than is apparent in cases involving misrepresentations as to patent or latent defects or the quality or character of property purchased. *Compare Shell v. Roseman*, 155 N.C. 90, 71 S.E. 86 (1911); *Hill v. Brower*, 76 N.C. 124 (1877); and, *Parker v. Bennett*, 32 N.C. App. 46, 231 S.E. 2d 10 (1977); *with Calloway v. Wyatt*, 246 N.C. 129, 97 S.E. 2d 881 (1957); and, *Goff v. Realty and Insurance Co.*, 21 N.C. App. 25, 203 S.E. 2d 65 (1974). *But see Johnson v. Owens*, 263 N.C. 754, 140 S.E. 2d 311 (1965). Perhaps a reason for any such distinction arises from the fact that the acreage of property within given boundaries is not apt to be as obvious to or as readily ascertainable by the buyer as are the true facts in many cases involving patent or latent defects or the quality or character of property. The science of surveying land and determining the acreage contained within boundaries, which frequently create forms unknown to students of geometry, remains beyond the abilities of the ordinary buyer in sales of real

property. The precise acreage of a given tract of land is often so difficult to determine that a general custom of drafting deeds and other legal documents to convey a stated amount of acreage "more or less" has developed in this and other jurisdictions. When these facts are combined with the former custom still frequently followed of conveying land according to old deeds and without a survey, it would appear that our courts have properly imposed upon sellers of real property a requirement that any representations they make, as to the acreage of a tract of land with which they are more familiar than the buyer either is or may reasonably become, be correct and that they be bound by such representations. *See Walsh v. Hall,* 66 N.C. 233 (1872) (location of real property).

We do not think the same reasoning should be applied to alleged misrepresentations as to the square footage contained in a house. This is particularly true where, as here, the person seeking to bring an action for the alleged misrepresentations of square footage had full opportunity to and in fact did inspect the house and could have determined the square footage therein for himself by simple measurements and mathematical computations. Absent facts to the contrary made known to a seller at the time of his representations as to the square footage of a house to be sold, the seller is entitled at this point in the history of public education to assume that his prospective buyer possesses the mathematical skills required for determining the square footage contained in the house. The seller is also entitled to assume that his buyer will make such determination during his actual inspection of the house if he believes it material. The same is not true, however,. where the much more difficult and precise science of surveying a tract of land and determining its acreage is involved.

We are well aware that the point at which reliance ceases to be reasonable and becomes such negligence and inattention that it will, as a matter of law, bar recovery is difficult to determine and, in close cases, should be resolved in favor of the party alleging reasonable reliance upon fraudulent misrepresentations. *Johnson v. Owens,* 263 N.C. 754, 140 S.E. 2d 311 (1965). Nevertheless, "The right to rely on representations is inseparably connected with the correlative problem of the duty of a representee to use diligence in respect of representations made to him." *Calloway v. Wyatt,* 246 N.C. 129, 134, 97 S.E. 2d 881, 886 (1957). If the party seeking

to bring an action for fraud based upon misrepresentations of a seller has not reasonably relied upon those representations, he has no claim upon which relief can be granted. *Cofield v. Griffin*, 238 N.C. 377, 78 S.E. 2d 131 (1953).

The plaintiff here did not rely upon the representations of Hannon or any other representations to such extent as to forego making his own investigation of the interior of the house which he proposed to purchase. It must be assumed that he possessed the necessary skills to make any measurements which he deemed material during the course of his investigation. There is no indication from the record on appeal that the plaintiff was any less able to make a determination as to square footage than Hannon or that any representation was made to him which caused him to reasonably forego measuring the house and computing its square footage if he felt it was a material matter. After walking through and viewing the interior of the house, the plaintiff engaged in further arms length bargaining with the defendants resulting in his offering and their accepting a purchase price below the listed price.

We do not think that a statement by a seller as to the square footage contained in a house he sells constitutes, under ordinary circumstances, that type of "artifice" which induces reasonable reliance causing a prospective buyer to forego further investigation. *See Calloway v. Wyatt*, 246 N.C. 129, 97 S.E. 2d 881 (1957), *and Goff v. Realty and Insurance Co.*, 21 N.C. App. 25, 203 S.E. 2d 65 (1974).

[3] The plaintiff also contends the trial court erred in denying his motion and request for findings of fact and conclusions of law made pursuant to G.S. 1A-1, Rule 52. This contention is without merit. Trial courts are not required to make findings of fact when granting motions for summary judgment. It is not a part of the function of the court on a motion for summary judgment to make findings of fact and conclusions of law. *Capps v. City of Raleigh*, 35 N.C. App. 290, 241 S.E. 2d 527 (1978).

The action of the trial court in granting summary judgment in favor of the defendants was without error and is

Affirmed.

Judges VAUGHN and MARTIN (Robert M.) concur.