STEVEN R. LOVE AND WIFE, BONNIE B. LOVE v. E. HAROLD KEITH AND WIFE, JOYCE G. KEITH

No. 8810SC1277

(Filed 19 September 1989)

1. **Evidence § 32; Unfair Competition § 1— sale of house—unfair and deceptive trade practice alleged—parol evidence rule not ignored**

In an action for unfair and deceptive trade practices in the sale of a house, the trial court did not erroneously ignore the parol evidence rule in admitting testimony about the Home-

LOVE v. KEITH

[95 N.C. App. 549 (1989)]

owners Warranty Program, since the evidence was submitted, not to vary, add to, or contradict the contract, but to prove an unfair or deceptive practice.

2. **Unfair Competition § 1— unfair and deceptive trade practice — repairs needed to place house in HOW program—representations by defendant builder**

The trial court did not err in concluding as a matter of law that defendants' conduct was an unfair and deceptive trade practice where the jury found that defendants breached an implied warranty of workmanlike quality to the plaintiffs in the construction of a house; defendants' misrepresentations to plaintiffs regarding coverage of the house under the Homeowners Warranty Program proximately caused damages to plaintiffs; the male defendant's statement that he was a HOW builder had the capacity to deceive since all HOW builders are required by HOW to place their houses in the HOW program; the male defendant's statement that the house was or would be insured had the capacity of deceiving plaintiffs into believing that they would be covered regardless of whether defendants effected the required repairs to the house; and defendants acted in an unfair manner by attempting to coerce the release of funds which plaintiffs had placed in escrow by wrongfully refusing to finish placing the house in the HOW program.

3. **Unfair Competition § 1— unfair and deceptive trade practice—defects in house—sufficiency of evidence of damages**

In an action for unfair and deceptive trade practices in the construction and sale of a home by defendant who represented himself to be a HOW builder, plaintiffs presented sufficient evidence of damages for the case to go to the jury where plaintiffs' evidence showed what coverage would be provided by the HOW program, including which defects were specifically covered and which would be covered according to accepted industry practice; plaintiffs presented evidence of local industry standards in home construction; plaintiffs' expert testified about several major defects in the plaintiffs' home which amounted to defective workmanship deviating from industry standards; and plaintiffs presented evidence as to the total cost of repairs and as to the cost of individual defects in workmanship.

LOVE v. KEITH

[95 N.C. App. 549 (1989)]

**4. Attorneys at Law § 7.5 — unfair trade practices claim — attorney fees properly awarded**

The trial court did not err in awarding plaintiffs attorney fees based upon defendant's willful engagement in an action of unfairness when he failed to enroll the house he built and sold to plaintiffs in HOW because he wanted to pressure plaintiffs into releasing funds which they had placed in escrow to cover the cost of necessary repairs; furthermore, defendants' settlement offer to enroll plaintiffs' house in the HOW program upon plaintiffs' release of the escrow funds amounted to an unwarranted refusal to fully resolve the matter. N.C.G.S. § 75-16.1.

**5. Unfair Competition § 1 — interest imposed on trebled damages — error**

In an action for unfair and deceptive trade practices, the trial judge erred in imposing interest on the amount of trebled damages rather than on the amount of compensatory damages only. N.C.G.S. § 24-5(b).

APPEAL by defendants from *Brannon (Anthony M.), Judge.* Judgments entered 5 April 1988 and 25 April 1988 in Superior Court, WAKE County. Heard in the Court of Appeals 6 June 1989.

*Gary S. Lawrence for plaintiff-appellees.*

*Hafer, Day & Wilson, P.A., by Eugene Hafer, and Law Offices of Brenton D. Adams, by Brenton D. Adams and Jane R. Ward, for defendant-appellants.*

GREENE, Judge.

The plaintiffs, Steven R. and Bonnie B. Love, received a jury verdict against defendants E. Harold and Joyce G. Keith in an action under the Unfair and Deceptive Trade Practices Act, N.C.G.S. Sec. 75-1 *et seq.* (1988). Defendants appeal.

This action arose from a housing transaction. The evidence tends to show the defendants built a house, and the plaintiffs contracted to purchase it. In this contract the defendants agreed, among other things, "to correct water leakage around the front door sill and replace several water damaged boards of the hardwood floor in foyer."

Prior to closing, the defendant E. Harold Keith doubted his ability to affect these repairs to plaintiffs' satisfaction. Harold Keith expressed to the plaintiffs a desire to void the contract. The plaintiffs testified that they did not void the contract because the defendant, Harold Keith, was a Homeowners Warranty (HOW) Program builder. The HOW Program insures homeowners against certain construction defects. Homes constructed by a HOW builder can be placed under the HOW Program. The defendant Harold Keith had assured the plaintiffs that their house was or would be covered under the program, and thus the plaintiffs felt confident the necessary repairs would be covered even if the defendants failed to complete them.

At closing the defendants had not yet completed the repairs. The parties then entered an agreement by which $3,000 of the proceeds of the sale would be placed in escrow pending certain repairs by the defendants. If the defendants had not affected the repairs within thirty days, the escrow agreement provided the plaintiffs could hire someone to complete the work, paying them from the escrow account. According to the plaintiffs' evidence, the plaintiffs completed the repairs at their own expense since the defendants failed to do so.

The defendants claimed the escrow funds were wrongfully withheld since they had substantially completed the repairs. Further, the defendants purposely declined to complete enrollment of the house in HOW until the plaintiffs had released the escrow fund.

The jury found as follows:

1. Did the defendants represent to the plaintiffs that the house would be covered under the Homeowners Warranty (HOW) Program, and then fail to have the house registered under the HOW Program?

ANSWER: Yes

2. Was the plaintiff injured or damaged as a proximate result of the defendants' conduct?

ANSWER: Yes

3. By what amount, if any, has the plaintiff been injured or damaged?

ANSWER: $3,400

LOVE v. KEITH

[95 N.C. App. 549 (1989)]

Upon this verdict, the trial court concluded "as a matter of law that the Defendants' actions in constructing the house . . . and thereafter selling said house and lot to the Plaintiffs was conduct in commerce and affecting commerce and that the actions of the Defendants were unfair and deceptive practices . . . ." The trial judge then trebled damages, which then totaled $10,200, and later awarded plaintiffs attorney fees.

---

The issues presented are: I) whether evidence of the HOW Program should have been barred by the parol evidence rule; II) whether, as a matter of law, the defendants' actions constituted an unfair or deceptive trade practice; III) whether the plaintiffs presented sufficient evidence of damages; IV) whether the evidence supported an award of attorney fees to the plaintiffs; V) whether the trial judge failed to formally find sufficient facts predicating an award of attorney fees; and VI) whether the trial judge improperly imposed interest on a noncompensatory portion of the award.

I

[1] The defendants argue the trial judge erroneously ignored the parol evidence rule in admitting testimony about the HOW Program. We disagree.

"When a contract is reduced to writing, parol evidence cannot be admitted, to vary, add to, or contradict the same." *Hoots v. Calaway*, 282 N.C. 477, 486, 193 S.E.2d 709, 715 (1973) (quoting *Stern v. Benbow*, 151 N.C. 460, 463, 66 S.E. 445, 446 (1909) ). However, the case at hand is not governed by common law contract principles or the particularized evidentiary rules which attend them. *See Bernard v. Central Carolina Truck Sales, Inc.*, 68 N.C. App. 228, 230, 314 S.E.2d 582, 584, *cert. denied*, 311 N.C. 751, 321 S.E.2d 126 (1984) (action for unfair or deceptive acts is neither tortious nor contractual). Where, as here, the evidence was submitted not to vary, add to, or contradict the contract, but rather to prove an unfair or deceptive practice, the parol evidence rule will not bar its admission. *See Weitzel v. Barnes*, 691 S.W.2d 598, 599-600 (Tex. 1985); *cf. Marshall v. Keaveny*, 38 N.C. App. 644, 647, 248 S.E.2d 750, 753 (1978) (since fraudulent misrepresentation actions are in tort, the parol evidence rule does not apply).

## II

**[2]** The defendants next argue the trial judge erred in concluding, as a matter of law, that defendants' conduct was an unfair and deceptive trade practice. We disagree. "[I]t is a question for the jury as to whether the defendants committed the alleged acts, and then it is a question of law for the court as to whether these proven facts constitute an unfair or deceptive trade practice." *United Laboratories, Inc. v. Kuykendall*, 322 N.C. 643, 664, 370 S.E.2d 375, 389 (1988).

The jury found the defendants breached an implied warranty of workmanlike quality to the plaintiffs regarding construction of the house. The jury also determined the defendants' misrepresentations to the plaintiffs regarding coverage of the house under the Homeowners Warranty Program proximately caused damages to the plaintiffs in the amount of $3,400. The judge then found the defendants' acts were in commerce, unfair and deceptive. The defendants do not dispute the trial judge's finding the acts were in commerce.

Our inquiry is thus limited to whether the trial judge erred in finding the defendants' acts were unfair and deceptive.

Whether a trade practice is unfair or deceptive usually depends upon the facts of each case and the impact the practice has in the marketplace. A practice is unfair when it offends established public policy as well as when the practice is immoral, unethical, oppressive, unscrupulous, or substantially injurious to consumers . . . . [A] practice is deceptive if it has the capacity or tendency to deceive; proof of actual deception is not required . . . . [T]he consumer need only show that an act or practice possessed the tendency or capacity to mislead, or created the likelihood of deception . . . .

*Marshall v. Miller*, 302 N.C. 539, 548, 276 S.E.2d 397, 403 (1981). Neither the actor's intent nor good faith are relevant. *Id.*

The plaintiffs offered evidence to prove the existence of a purchase contract with the defendants requiring the defendants to repair certain parts of the subject house. Prior to closing the defendants expressed doubt as to their ability to fulfill this repair clause and offered the plaintiffs the opportunity to void the contract. The plaintiffs chose to hold the defendants to the contract, relying on defendant Harold Keith's representation of being a HOW

builder. Mr. Keith also told the plaintiffs the house was or would be insured under HOW. After closing, the defendants allegedly having failed to affect the required repairs, the plaintiffs refused to allow the release of the $3,000 escrow funds set aside pending defendants' repairs. Harold Keith testified he then refused to place the plaintiffs' house in the HOW Program until the plaintiffs allowed release of the escrow funds. Indeed, the jury found the defendants represented they would place the house under HOW, and they failed to do so.

From these facts and the findings of the jury the trial judge had sufficient evidence from which to determine the defendants acted in an unfair or deceptive manner. Defendant Harold Keith's statement that he was a HOW builder has the capacity to deceive since all HOW builders are required, by HOW, to place their houses in the HOW Program. Further, the defendant's statement that the house was or would be insured had the capacity of deceiving the plaintiffs into believing that they would be covered regardless of whether the defendants affected the required repairs. Lastly, the defendants acted in an unfair manner by attempting to coerce the release of the escrow funds by wrongfully refusing to finish placing the house in the HOW Program. *See Wilder v. Squires,* 68 N.C. App. 310, 315, 315 S.E.2d 63, 66, *disc. rev. denied,* 311 N.C. 769, 321 S.E.2d 158 (1984) ("coercive tactics are within the definition of unfair practices").

### III

[3] The defendants also argue the plaintiffs failed to present sufficient evidence of damages for the case to go to the jury. Although the defendants relied heavily on *Olivetti Corp. v. Ames Business Systems Inc.,* 319 N.C. 534, 547-48, 356 S.E.2d 578, 586-87, *reh'g denied,* 320 N.C. 639, 360 S.E.2d 92 (1987), we find that case useful only for the basic "principle of law that proof of damages must be made with reasonable certainty." 319 N.C. at 546, 356 S.E.2d at 585.

Before determining whether the amount of damages was proven with reasonable certainty in the case at hand, we note in passing that the facts detailed in the last section sufficiently demonstrate the defendants' actions proximately caused some damage to the plaintiffs. The plaintiffs testified they would have voided the contract in the absence of the defendants' representations regarding HOW. Further, had the defendants properly enrolled the plain-

tiffs' house in HOW, the plaintiffs' expenditures on repairs in excess of the escrow amount could have been reimbursed by HOW.

The defendants assert the plaintiffs' proof of damages falls short since they failed to provide evidence of whether the HOW insurance would have indeed paid for the repairs. However, the plaintiffs' evidence shows that the HOW Program, in the first year of coverage, provides an insurance or warranty policy covering defective workmanship and materials, major systems, and major or structural defects. The policy specifically lists certain defects as covered, and others may be covered according to accepted industry practice. The plaintiffs presented evidence of local industry standards in home construction. Further, the plaintiffs' expert testified about several major defects in the plaintiffs' home which amounted to defective workmanship deviating from industry standards. The plaintiffs also presented evidence as to the total cost of repairs and as to the cost of individual defects in workmanship. From this evidence the jury could deduce, with reasonable certainty, the extent of coverage HOW could have provided. Hence, evidence existed providing reasonable certainty as to damages.

IV

[4] The defendants contend the trial judge erred in awarding plaintiffs attorney fees since no evidence existed meeting statutory criteria for such an award.

A party prevailing in its unfair or deceptive practice claim may be awarded a reasonable attorney fee upon the presiding judge's determination that the "party charged with the violation has willfully engaged in the act or practice, and there was an unwarranted refusal by such party to fully resolve the matter which constituted the basis of such suit . . . ." N.C.G.S. Sec. 75-16.1 (1988). Award or denial of attorney fees under this section is within the sole discretion of the trial judge. *Morris v. Bailey*, 86 N.C. App. 378, 387, 358 S.E.2d 120, 125 (1987).

The defendant, Harold Keith, admitted his motivation for failing to enroll the house in HOW was to pressure the plaintiffs into releasing the escrow funds. This is direct evidence of willful engagement in an act of unfairness. Further, from this fact the trial judge could have validly inferred the defendants' willful engagement in earlier deceptive statements regarding the HOW enrollment. The defendants argue, regardless of their willfulness, they

LOVE v. KEITH

[95 N.C. App. 549 (1989)]

offered to settle the matter by belatedly enrolling the house in HOW, and then affecting whatever repairs are required under HOW. This excuse fails because the defendants had placed the escrow pre-condition on the HOW enrollment. The defendants have not guided this court to any authority justifying their act of self-help in holding the HOW enrollment hostage over what amounted to a separate contract dispute with the plaintiffs. Thus, we conclude that the defendants' settlement offer to enroll the plaintiffs' house in the HOW Program upon plaintiffs' release of the escrow funds amounted to an unwarranted refusal to fully resolve the matter.

V

The defendants next argue the trial judge erred by finding insufficient facts upon which to base his legal conclusion awarding attorney fees. Assuming a factual basis for the award, the defendants do not challenge the amount of the award though. The trial judge found:

> 2. That the conduct of the defendants in representing to the plaintiffs that the house would be covered under the Homeowners Warranty Program and then failing to have the house registered under the Homeowners Warranty Program, as determined by the jury, was willful.

> 3. There was an unwarranted refusal by the defendants to fully resolve the matter which constitutes the basis of plaintiffs' suit under Chapter 75.

These findings of fact are sufficient and are supported by competent evidence. *See Morris*, 86 N.C. App. at 387, 358 S.E.2d at 125.

VI

[5] The defendants finally argue the trial judge erred in imposing interest on the portion of the judgment in excess of $3,400. We agree. Since the defendants' conduct violated N.C.G.S. Sec. 75-1.1 *et seq.*, the trial judge properly trebled the jury's $3,400 verdict. N.C.G.S. Sec. 75-16. The trial judge then ordered interest on the full $10,200. In this the trial judge erred since N.C.G.S. Sec. 24-5(b) (1986) only provides for interest on compensatory damages as designated by the fact finder. The fact finder here, the jury, specified compensatory damages of only $3,400. The plaintiffs may receive interest only on $3,400, calculated as specified in N.C.G.S. Sec.

24-5(b). To the extent the trial court judgment differs, it should be and hereby is vacated.

Affirmed in part, vacated in part and remanded.

Judges JOHNSON and COZORT concur.