CUSTOM MOLDERS, INC. v. AMERICAN YARD PRODUCTS, INC.

[115 N.C. App. 156 (1994)]

———————

CUSTOM MOLDERS, INC., PLAINTIFF v. AMERICAN YARD PRODUCTS, INC., FORMERLY KNOWN AS ROPER CORPORATION, DEFENDANT

No. 9314SC392

(Filed 7 June 1994)

1. **Judgments § 651 (NCI4th)— treble damages awarded—no post-judgment interest**

Pursuant to N.C.G.S. § 24-5(b) and *Love v. Keith*, 95 N.C.App. 549, plaintiff was not entitled to post-judgment interest on the treble damages portion of its judgment from the date of judgment until paid.

**Am Jur 2d, Interest and Usury §§ 59 et seq.**

2. **Costs § 7 (NCI4th)— plaintiff not prevailing party—no right to attorney's fees**

Although N.C.G.S. § 75-16.1 includes fees for services rendered at all stages of litigation, including appeals, and should be construed liberally, plaintiff was not the prevailing party in this case and therefore was not entitled to attorneys' fees in bringing a motion to protect its judgment and in bringing the present appeal.

**Am Jur 2d, Costs §§ 26 et seq.**

Appeal by plaintiff from order entered 5 January 1993 by Judge Jack A. Thompson in Durham County Superior Court. Heard in the Court of Appeals 3 February 1994.

A trial on the matter of *Custom Molders, Inc. v. Roper Corpora-tion* was held in February 1988. The jury awarded plaintiff compen-satory damages of $249,016 for breach of contract. The trial court thereafter concluded that defendant's actions were unfair and decep-tive under N.C. Gen. Stat. § 75-1.1 (1988) and trebled the damages against defendant to $747,048 pursuant to N.C. Gen. Stat. § 75-16. The court also awarded plaintiff $49,000 as its reasonable attorneys' fees. The judgment provided in pertinent part as follows:

> IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the plaintiff Custom Molders, Inc. shall have and recover from the defendant Roper Corporation the sum of $747,048, together with reasonable attorneys' fees in the amount of $49,000 and interest as provided by law from the date of entry of this judgment.

To stay execution of the judgment pending appeal, defendant's surety, The Aetna Casualty and Surety Company, executed and filed a supersedeas bond in the amount of $1,003,020.48. On 19 February 1991, the Court of Appeals affirmed the judgment. *Custom Molders, Inc. v. Roper Corp.*, 101 N.C. App. 606, 401 S.E.2d 96 (1991). By order dated 7 November 1991, the Supreme Court affirmed the decision of the Court of Appeals. *Custom Molders, Inc. v. Roper Corp.*, 330 N.C. 191, 410 S.E.2d 55 (1991) (per curiam).

On 14 February 1992, defendant tendered payment in the amount of $940,447.53 to the Clerk of Durham County Superior Court as pay-ment of the judgment. This sum was calculated as follows:

| | |
|---|---|
| Judgment of $249,016 Trebled | $747,048.00 |
| Pre-appeal Attorneys' Fees | 49,000.00 |
| Post-judgment Attorneys' Fees | 70,300.00 |
| Post-judgment Interest on Compensatory Award through 2-14-92 [54.58 per day] | 74,053.53 |
| Court Costs | 46.00 |
| | $940,447.53 |

The Clerk of Superior Court designated defendant's payment as a partial payment.

Based on the calculation of the Clerk of Superior Court that the payment by defendant was a partial payment, plaintiff filed a Motion for Judgment Against Defendant's Surety on 14 October 1992 for the remaining amount owed on plaintiff's judgment, plus additional attorneys' fees for protecting its judgment in these proceedings.

A hearing was held on 16 November 1992 on plaintiff's motions. By order dated 4 January 1993, the trial court denied plaintiff's motion, finding that plaintiff was not entitled to post-judgment interest on the trebled portion of its judgment. The court accordingly denied plaintiff's motion for additional attorneys' fees in connection with its motion against the surety. Plaintiff appeals the denial of its motions.

*Charles A. Bentley, Jr. & Associates, P.A., by Charles A. Bentley, Jr. and Susan B. Kilzer, for plaintiff appellant.*

*Brown & Bunch, by M. LeAnn Nease, for defendant appellee.*

ARNOLD, Chief Judge.

[1] Plaintiff's first assignment of error is that the trial court erred by denying plaintiff's motion for post-judgment interest on the treble damages portion of its judgment from the date of judgment until paid. Plaintiff bases its argument on an exhaustive review of the legislative history of N.C. Gen. Stat. § 24-5(b) (1991). We, however, do not find it necessary to examine the statute in such detail because the plain language of G.S. § 24-5(b), as well as a recent decision of this Court, squarely rebut plaintiff's argument.

N.C. Gen. Stat. § 24-5, entitled *Contracts, except penal bonds, and judgments to bear interest*, provides in pertinent part:

(b) Other Actions.—In an action other than contract, the portion of money judgment designated by the fact finder as compensatory damages bears interest from the date the action is instituted until the judgment is satisfied. Interest on an award in an action other than contract shall be at the legal rate.

This Court addressed the application of G.S. § 24-5(b) to verdicts trebled pursuant to G.S. § 75-16 in *Love v. Keith*, 95 N.C. App. 549, 383 S.E.2d 674 (1989). We held in *Love*:

The defendants finally argue the trial judge erred in imposing interest on the portion of the judgment in excess of $3,400. We agree. Since the defendants' conduct violated N.C.G.S. Sec. 75-1.1 *et seq.*, the trial judge properly trebled the jury's $3,400 verdict. N.C.G.S. Sec. 75-16. The trial judge then ordered interest on the full $10,200. In this the trial judge erred since *N.C.G.S. Sec. 24-5(b) (1986) only provides for interest on compensatory damages as designated by the fact finder.* The fact finder here, the jury, specified compensatory damages of only $3,400. The

plaintiffs may receive interest only on $3,400, calculated as specified in N.C.G.S. Sec. 24-5(b).

*Id.* at 557-58, 383 S.E.2d at 679 (emphasis added).

The applicable portion of G.S. § 24-5(b) in effect when *Love* was decided is identical to the statutory language applicable in this case. Plaintiff argues that according to Section 2 of the 1985 Session Laws, the current language of the statute does not affect the law as it existed before the enactment of Chapter 327 of the 1981 Session Laws, which provided in pertinent part that "the amount of any judgment . . . in any kind of action, . . . shall bear interest till paid . . . ." G.S. § 24-5 (1965). Therefore, plaintiff contends, North Carolina law provides for post-judgment interest on *any* judgment, including a judgment for treble damages, in any kind of action until paid. We disagree.

In the case at bar, the trial court properly trebled the jury's $249,016 verdict pursuant to G.S. § 75-16. Under the plain language of G.S. § 24-5(b), and the holding in *Love*, only the portion of the judgment designated by the fact finder as "compensatory" accrues post-judgment interest.

[2] Plaintiff next contends that in addition to its attorneys' fees of $49,000 for services rendered through the time of entry of the judgment, and $70,300 for services rendered by plaintiff's counsel in defending against the first appeal, plaintiff is entitled to additional attorneys' fees in bringing a motion to protect its judgment and in bringing the present appeal pursuant to G.S. § 75-16.1. G.S. § 75-16.1 states that "the presiding judge may, in his discretion, allow a reasonable attorney fee to the . . . attorney representing the *prevailing party* . . . ." Although G.S. § 75-16.1 includes fees for services rendered at all stages of litigation, including appeals, *see Cotton v. Stanley*, 94 N.C. App. 367, 380 S.E.2d 419 (1989), and should be constructed liberally, *see City Finance Co. v. Boykin*, 86 N.C. App. 446, 358 S.E.2d 83 (1987), plaintiff is not the prevailing party in this case. Therefore, it is not entitled to attorneys' fees with regards to its motion or this appeal.

Affirmed.

Judges WYNN and McCRODDEN concur.