**CUSTOM MOLDERS, INC. v. AMERICAN YARD PRODUCTS, INC.**

[342 N.C. 133 (1995)]

CUSTOM MOLDERS, INC. v. AMERICAN YARD PRODUCTS, INC., FORMERLY KNOWN AS
ROPER CORPORATION

No. 326PA94

(Filed 3 November 1995)

**1. Statutes § 24 (NCI4th)— Session Laws—control over General Statutes**

The statement of a legislative enactment contained in the Session Laws controls over the statement codified in the General Statutes.

**Am Jur 2d, Statutes §§ 142 et seq.**

**2. Judgments § 651 (NCI4th)— treble damages award—postjudgment interest**

Since Section 2 of the 1985 amendment of N.C.G.S. § 24-5 by Chapter 214 of the 1985 Session Laws provides that the act "shall not affect the law as it existed before the enactment of Chapter 327 of the 1981 Session Laws," and § 24-5 as it existed prior to 1981 provided that "the amount of any judgment or decree, except the costs . . . shall bear interest till paid," North Carolina law provides for postjudgment interest on judgments for money damages generally, including a judgment for treble damages, until the judgment is paid. The decision of *Love v. Keith*, 95 N.C. App. 549 (1989), is disavowed to the extent that it precludes the recovery of postjudgment interest on the full amount of the judgment under the current version of N.C.G.S. § 24-5 and as § 24-5 existed prior to 1981.

**Am Jur 2d, Interest and Usury §§ 59, 60.**

**3. Judgments § 651 (NCI4th)— failure to pay interest on treble damages—partial payment of judgment—judgment against surety**

Where the judgment provided that plaintiff shall recover trebled damages of "$747,048 . . . and interest as provided by law from the date of entry of this judgment," the clerk of court correctly designated defendant's payment of the trebled damages and interest only on the portion of the judgment designated by the jury as compensatory damages as a partial payment of the judgment, and the trial court erred by denying plaintiff's motion for judgment against the surety on defendant's supersedeas bond

CUSTOM MOLDERS, INC. v. AMERICAN YARD PRODUCTS, INC.

[342 N.C. 133 (1995)]

for the remaining amount owed on the judgment for interest on the treble damages portion thereof.

**Am Jur 2d, Interest and Usury §§ 59, 60.**

**4. Unfair Competition § 53 (NCI4th)— unfair practice—prevailing party—attorney fees for motion to protect judgment and appeal**

Where the Supreme Court held that the Court of Appeals erred by affirming the trial court's denial of plaintiff's motion for postjudgment interest on the treble damages portion of its judgment for an unfair and deceptive practice, plaintiff is now the prevailing party, and the trial court has the discretion under N.C.G.S. § 75-16.1 to award plaintiff reasonable attorney fees with regard to pursuing its motion in the trial court and its appeal in the appellate courts.

**Am Jur 2d, Appellate Review § 912.**

On discretionary review pursuant to N.C.G.S. § 7A-31 of a unanimous decision of the Court of Appeals, 115 N.C. App. 156, 444 S.E.2d 224 (1994), affirming an order entered 5 January 1993 by Thompson, J., in Superior Court, Durham County. Heard in the Supreme Court 11 October 1995.

*Bentley & Kilzer, P.A., by Susan B. Kilzer and Charles A. Bentley, Jr., for plaintiff-appellant.*

*Brown & Bunch, by M. LeAnn Nease, for defendant-appellee.*

*Berry & Byrd, by Wade E. Byrd; and Mary Ann Tally, General Counsel, on behalf of North Carolina Academy of Trial Lawyers, amicus curiae.*

FRYE, Justice.

The crucial question in this case is whether a judgment for money damages in an action not based on contract bears postjudgment interest. We hold that it does.

There seems to have been no doubt regarding this question prior to the enactment of chapter 327 of the 1981 Session Laws. Prior to that time, N.C.G.S. § 24-5 provided as follows:

**§24-5. Contracts, except penal bonds, and judgments to bear interest; jury to distinguish principal.**—All sums of

CUSTOM MOLDERS, INC. v. AMERICAN YARD PRODUCTS, INC.

[342 N.C. 133 (1995)]

money due by contract of any kind, excepting money due on penal bonds, shall bear interest, and when a jury shall render a verdict therefor they shall distinguish the principal from the sum allowed as interest; and the principal sum due on all such contracts shall bear interest from the time of rendering judgment thereon until it is paid and satisfied. *In like manner, the amount of any judgment or decree, except the costs, rendered or adjudged in any kind of action, though not on contract, shall bear interest till paid, and the judgment and decree of the Court shall be rendered according to this section.*

N.C.G.S. § 24-5 (1965) (emphasis added).

In 1981, the statute was amended to provide for prejudgment interest on compensatory damages covered by liability insurance and postverdict interest on compensatory damages not covered by liability insurance. Chapter 327, section 1 of the 1981 Session Laws provided in pertinent part:

AN ACT TO MANDATE THE ACCRUAL OF INTEREST ON MONEY JUDGMENTS AWARDED IN ACTIONS OTHER THAN CONTRACT FROM THE FILING OF CLAIM.

*The General Assembly of North Carolina enacts:*

**Section 1.** The second sentence of G.S. 24-5 is rewritten to read:

"The portion of all money judgments designated by the fact finder as compensatory damages in actions other than contract shall bear interest from the time the action is instituted until the judgment is paid and satisfied, and the judgment and decree of the court shall be rendered accordingly. The preceding sentence shall apply only to claims covered by liability insurance. Interest on an award in an action other than contract shall be at the legal rate. The portion of all money judgments designated by the fact finder as compensatory damages in actions other than contract which are not covered by liability insurance shall bear interest from the time of the verdict until the judgment is paid and satisfied, and the judgment and decree of the court shall be rendered accordingly."

Act of 5 May 1981, ch. 327, sec. 1, 1981 N.C. Sess. Laws 369, 369-70. In actions other than contract, this amendment provided for prejudgment interest on damages designated by the fact finder as compen-

satory, such interest to continue until the judgment is paid and satisfied. In such cases, the compensatory damages covered by liability insurance would bear interest from the date the action was instituted, while those not covered by liability insurance would bear interest from the date of the verdict. *Id.*

Chapter 327 of the 1981 Session Laws was unsuccessfully challenged in the courts as being unconstitutionally vague, uncertain, and indefinite and as violating fundamental principles by favoring plaintiffs who recover judgments against defendants who were covered by liability insurance. *See Lowe v. Tarble*, 312 N.C. 467, 323 S.E.2d 19 (1984), *aff'd on rehearing*, 313 N.C. 460, 329 S.E.2d 648 (1985).

In 1985, N.C.G.S. § 24-5(b) was amended to remove the distinction between noncontract judgments covered by liability insurance and those not covered by liability insurance, and to clarify the law with respect to interest on judgments generally. Chapter 214 of the 1985 Session Laws provides in pertinent part:

AN ACT TO CLARIFY INTEREST RELATING TO JUDGMENTS AND PROVIDE FOR INTEREST ON NONCONTRACT JUDGMENTS REGARDLESS OF INSURANCE COVERAGE.

*The General Assembly of North Carolina enacts:*

**Section 1.** G.S. 24-5 is rewritten to read:

"§ 24-5. *Contracts, except penal bonds, and judgments to bear interest.*—(a) Contracts. In an action for breach of contract
. . . .

(b) Other actions. In an action other than contract, the portion of money judgment designated by the fact finder as compensatory damages bears interest from the date the action is instituted until the judgment is satisfied. Interest on an award in an action other than contract shall be at the legal rate."

**Sec. 2.** This act shall become effective October 1, 1985. This act shall not affect pending litigation and shall not affect the law as it existed before the enactment of Chapter 327 of the 1981 Session Laws.

Act of 21 May 1985, ch. 214, 1985 N.C. Sess. Laws 181. The 1985 amendment thus removed the distinction between compensatory damages covered by liability insurance and those not covered by liability insurance as it relates to the beginning date for the accrual of

**CUSTOM MOLDERS, INC. v. AMERICAN YARD PRODUCTS, INC.**

[342 N.C. 133 (1995)]

interest. Under the 1981 amendment, interest began to accrue on such damages on the date the action was instituted if covered by insurance, while interest began to accrue on such damages on the date the verdict was rendered if not covered by insurance. Under the 1985 amendment, the compensatory damages earn interest from the date the action is instituted whether or not such damages are covered by liability insurance.

Section 2 of the 1985 amendment provides that the act "shall not affect the law as it existed before the enactment of chapter 327 of the 1981 Session Laws." Under N.C.G.S. § 24-5 as it existed prior to the enactment of chapter 327 of the 1981 Session Laws, judgments generally, whether in contract or noncontract actions, bore interest from the date of the judgment until the judgment was paid. The distinctions between contract and noncontract actions related to the rate of interest and when prejudgment interest, if any, began to accrue. N.C.G.S. § 24-5 (1965). Thus, under the law as it existed before the enactment of chapter 327 of the 1981 Session Laws, both contract and noncontract damage awards accrued postjudgment interest until the judgment was paid.

[1] The current version of N.C.G.S. § 24-5, entitled *Contracts, except penal bonds, and judgments to bear interest*, provides in pertinent part:

> (b) Other Actions.—In an action other than contract, the portion of money judgment designated by the fact finder as compensatory damages bears interest from the date the action is instituted until the judgment is satisfied. Interest on an award in an action other than contract shall be at the legal rate.

N.C.G.S. § 24-5(b) (1991). The codifiers of the current statute placed section 2 of chapter 214 of the 1985 Session Laws as an editor's note to the statute rather than including it as a part of the statute itself. Thus, the Court of Appeals, in the instant case and in *Love v. Keith*, 95 N.C. App. 549, 383 S.E.2d 674 (1989), gave no effect to section 2 of chapter 214 of the 1985 Session Laws. However, we have held that the statement of a legislative enactment contained in the Session Laws is controlling over the statement codified in the General Statutes. *See Schofield v. Great Atlantic & Pacific Tea Co.*, 299 N.C. 582, 264 S.E.2d 56 (1980); *Wright v. Fidelity & Cas. Co.*, 270 N.C. 577, 155 S.E.2d 100 (1967). This rule is applicable to the instant case.

CUSTOM MOLDERS, INC. v. AMERICAN YARD PRODUCTS, INC.

[342 N.C. 133 (1995)]

**[2]** Plaintiff argues that according to Section 2 of Chapter 214 of the 1985 Session Laws, the current language of the statute does not affect the law as it existed before the enactment of chapter 327 of the 1981 Session Laws. The statute prior to the 1981 amendment provided in pertinent part that "the amount of any judgment . . . in any kind of action . . . shall bear interest till paid." N.C.G.S. § 24-5 (1965). Therefore, plaintiff contends that North Carolina law provides for postjudgment interest on judgments for money damages generally, including a judgment for treble damages, until the judgment is paid. We agree.

To interpret N.C.G.S. § 24-5(b) as the Court of Appeals does in *Love v. Keith*, 95 N.C. App. 549, 383 S.E.2d 674, and in the instant case gives no effect to section 2 of chapter 214 of the 1985 Session Laws. Reading N.C.G.S. § 24-5(b) as a whole, and giving full effect to the provision in section 2 of chapter 214 of the 1985 Session Laws that "[t]his act . . . shall not affect the law as it existed before the enactment of Chapter 327 of the 1981 Session Laws," we hold that, as stated in N.C.G.S. § 24-5 as it existed prior to 1981, "the amount of any judgment or decree, except the costs . . . shall bear interest till paid."

We now review the procedural and substantive history of the case before this Court. On 26 May 1988, in the case of *Custom Molders, Inc. v. Roper Corporation*, Judge J. Milton Read, Jr., entered a judgment in Superior Court, Durham County, which provided in pertinent part as follows:

> IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the plaintiff Custom Molders, Inc. shall have and recover from the defendant Roper Corporation the sum of $747,048, together with reasonable attorneys' fees in the amount of $49,000 and interest as provided by law from the date of entry of this judgment.

To stay execution of the judgment pending appeal, defendant's surety, The Aetna Casualty and Surety Company, executed and filed a supersedeas bond in the amount of $1,003,020.48. On 19 February 1991, the Court of Appeals affirmed the trial court's judgment. *Custom Molders, Inc. v. Roper Corp.*, 101 N.C. App. 606, 401 S.E.2d 96 (1991). On 7 November 1991, this Court affirmed the decision of the Court of Appeals. *Custom Molders, Inc. v. Roper Corp.*, 330 N.C. 191, 410 S.E.2d 55 (1991) (per curiam).

On 14 February 1992, defendant tendered payment in the amount of $940,447.53 to the Clerk of Superior Court, Durham County, in satisfaction of the judgment. Defendant calculated this sum as follows:

CUSTOM MOLDERS, INC. v. AMERICAN YARD PRODUCTS, INC.

[342 N.C. 133 (1995)]

| | |
|---|---|
| Judgment of $249,016 Trebled . . . . . . . . . . . . | $747,048.00 |
| Preappeal Attorneys' Fees . . . . . . . . . . . . . . | 49,000.00 |
| Postjudgment Attorneys' Fees . . . . . . . . . . . . | 70,300.00 |
| Postjudgment Interest on Compensatory Award through 2-14-92 [$54.58 per day] . . . . . . . . . . . . . | 74,053.53 |
| Court Costs . . . . . . . . . . . . . . . . . . . . . . . . . . | 46.00 |
| **TOTAL** . . . . . . . . . . . . . . . . . . . . . . . . . | **$940,447.53** |

The Clerk of Superior Court designated defendant's payment as a partial payment of the judgment.

On 9 October 1992, plaintiff filed a motion for judgment against defendant's surety, The Aetna Casualty and Surety Company, for the remaining amount owed on plaintiff's judgment plus additional attorneys' fees pursuant to N.C.G.S. § 75-16.1 in connection with filing the motion against the surety for protecting its judgment. On 16 November 1992, the trial court held a hearing on plaintiff's motion. By order entered 5 January 1993, the trial court denied plaintiff's motion, concluding that plaintiff was not entitled to postjudgment interest on the portion of its judgment not designated by the jury as compensatory damages. The trial court accordingly denied plaintiff's request for additional attorneys' fees in connection with its motion against the surety. Plaintiff appealed the denial of its motion to the Court of Appeals.

The Court of Appeals affirmed the trial court's denial of plaintiff's motion for postjudgment interest on the portion of its judgment not designated by the jury as compensatory damages and affirmed the trial court's denial of plaintiff's request for attorneys' fees. *Custom Molders, Inc. v. American Yard Products, Inc.*, 115 N.C. App. 156, 444 S.E.2d 224 (1994). Discretionary review of the Court of Appeals' decision was allowed *ex mero motu* by this Court on 2 March 1995. *Custom Molders, Inc. v. American Yard Products, Inc.*, 339 N.C. 736, 462 S.E.2d 813 (1995).

Plaintiff contends that the Court of Appeals erred in affirming the trial court's denial of plaintiff's motion for interest on the treble damages portion of the trial court's judgment from the date of judgment until paid. Plaintiff bases its argument on an exhaustive review of the legislative history of N.C.G.S. § 24-5. The Court of Appeals "[did] not find it necessary to examine the statute in such detail because the plain language of G.S. § 24-5(b), as well as a recent decision of [that]

CUSTOM MOLDERS, INC. v. AMERICAN YARD PRODUCTS, INC.

[342 N.C. 133 (1995)]

[c]ourt, squarely rebut[s] plaintiff's argument." *Custom Molders*, 115 N.C. App. at 158, 444 S.E.2d at 225.

The recent decision referred to by the Court of Appeals is *Love v. Keith*, 95 N.C. App. 549, 383 S.E.2d 674. In *Love*, a different panel of the Court of Appeals addressed the application of N.C.G.S. § 24-5(b) to verdicts trebled pursuant to N.C.G.S. § 75-16 and held:

> The defendants finally argue the trial judge erred in imposing interest on the portion of the judgment in excess of $3,400. We agree. Since the defendants' conduct violated N.C.G.S. Sec. 75-1.1 et seq., the trial judge properly trebled the jury's $3,400 verdict. N.C.G.S. Sec. 75-16. The trial judge then ordered interest on the full $10,200. In this the trial judge erred since N.C.G.S. Sec. 24-5(b) (1986) only provides for interest on compensatory damages as designated by the fact finder. The fact finder here, the jury, specified compensatory damages of only $3,400. The plaintiffs may receive interest only on $3,400, calculated as specified in N.C.G.S. Sec. 24-5(b).

*Love*, 95 N.C. App. at 557-58, 383 S.E.2d at 679. We disavow the holding in *Love* to the extent that it precludes the recovery of postjudgment interest on the full amount of the judgment under the current version of N.C.G.S. § 24-5(b) and as § 24-5 existed prior to 1981.[1]

[3] The judgment in this case provided that plaintiff "shall have and recover from the defendant . . . $747,048 . . . and interest as provided by law from the date of entry of this judgment." The Clerk of Court correctly designated defendant's payment of postjudgment interest on only a portion of the amount of the judgment as a partial payment of the judgment. Thus, the Court of Appeals erred in affirming the trial court's reversal of that designation by denying plaintiff's motion for judgment against defendant's surety. We therefore reverse the Court of Appeals on this issue.

[4] Plaintiff next contends that the Court of Appeals erred in affirming the trial court's denial of additional attorneys' fees for pursuing a motion to protect its judgment and for pursuing the present appeal.

---

1. The lawsuit in *Love* was instituted on 22 August 1985, before 1 October 1985, the effective date of chapter 214 of the 1985 Session Laws, but after the effective date of chapter 327 of the 1981 Session Laws. Thus, section 2 of chapter 214 of the 1985 Session Laws did not apply to this case and was not cited or referred to by the Court of Appeals in its opinion in *Love*.

**CUSTOM MOLDERS, INC. v. AMERICAN YARD PRODUCTS, INC.**

[342 N.C. 133 (1995)]

Plaintiff also contends it is entitled to attorneys' fees pursuant to N.C.G.S. § 75-16.1 in connection with services performed in the present proceedings which were necessary in order to protect plaintiff's right to postjudgment interest. Plaintiff argues that because defendant refused to pay postjudgment interest on the full amount of its judgment and made only a partial payment on the judgment, plaintiff was compelled to bring forward a motion to protect its judgment.

"The general rule in this State is that, in the absence of statutory authority therefor, a court may not include an allowance of attorneys' fees as part of the costs recoverable by the successful party to an action or proceeding." *In re King*, 281 N.C. 533, 540, 189 S.E.2d 158, 162 (1972). "Except as so provided by statute, attorneys' fees are not allowable." *Baxter v. Jones*, 283 N.C. 327, 330, 196 S.E.2d 193, 195 (1973). N.C.G.S. § 75-16.1 provides in pertinent part:

> In any suit instituted by a person who alleges that the defendant violated G.S. 75-1.1, the presiding judge may, in his discretion, allow a reasonable attorney fee to the duly licensed attorney representing the prevailing party, such attorney fee to be taxed as a part of the court costs and payable by the losing party, upon a finding by the presiding judge that:
>
> (1) The party charged with the violation has willfully engaged in the act or practice, and there was an unwarranted refusal by such party to fully resolve the matter which constitutes the basis of such suit; or
>
> (2) The party instituting the action knew, or should have known, the action was frivolous and malicious.

N.C.G.S. § 75-16.1 (1983).

As the Court of Appeals said in *Cotton v. Stanley*, 94 N.C. App. 367, 380 S.E.2d 419 (1989), N.C.G.S. § 75-16.1 allows attorneys' fees for services rendered at all stages of litigation, including appeals. Accordingly, since plaintiff is now the prevailing party in this case, we must reverse the Court of Appeals' holding that plaintiff is not entitled to reasonable attorneys' fees with regard to pursuing its motion and this appeal.

Whether to award or deny attorneys' fees is within the sound discretion of the trial judge. *Concrete Service Corp. v. Investors Group,*

*Inc.*, 79 N.C. App. 678, 688, 340 S.E.2d 755, 761, *cert. denied*, 317 N.C. 333, 346 S.E.2d 137 (1986). Once the trial court decides to award attorneys' fees, however, it must award a reasonable fee. *See* N.C.G.S. § 75-16.1 (1987); *Morris v. Bailey*, 86 N.C. App. 378, 387, 358 S.E.2d 120, 125 (1987). Therefore, the trial court on remand must determine, in its sound discretion, whether to award reasonable attorneys' fees.

For the foregoing reasons, we reverse the Court of Appeals' decision and remand the case to that court for further remand to the trial court for further proceedings and entry of judgment not inconsistent with this opinion.

REVERSED AND REMANDED.