FRANK v. STAR TRAX, INC.

[343 N.C. 296 (1996)]

————————

CHARLES P. FRANK v. STAR TRAX, INC.

No. 410PA95

(Filed 10 May 1996)

**Judgments § 651 (NCI4th)— punitive damages—post-judgment interest**

The trial court properly awarded post-judgment interest on punitive damages awarded by the jury.

**Am Jur 2d, Interest and Usury §§ 59 et seq.**

On writ of certiorari to review a unanimous, unpublished decision of the Court of Appeals, 120 N.C. App. 200, 461 S.E.2d 808 (1995), which affirmed in part, reversed in part, and remanded a judgment entered by Johnson (Marcus L.), J., on 7 December 1993 in Superior Court, Mecklenburg County. This Court allowed plaintiff's petition for certiorari on 7 December 1995. Heard in the Supreme Court 8 April 1996.

*James, McElroy & Diehl, P.A., by Robert C. Muth and Richard B. Fennell, for plaintiff-appellant.*

*Ellis M. Bragg for defendant-appellee.*

**STATE EX REL. EMPLOYMENT SECURITY COMM. v. HUCKABEE**

[343 N.C. 297 (1996)]

PER CURIAM.

The sole issue before us, as correctly stated in plaintiff's petition for a writ of certiorari, is: Did the Court of Appeals err in reversing the trial court's award of post-judgment interest on the punitive damages awarded by the jury? Under the authority of *Custom Molders, Inc. v. American Yard Prods., Inc.*, 342 N.C. 133, 463 S.E.2d 199 (1995), we hold that the Court of Appeals did err in so holding. Accordingly, the decision of the Court of Appeals on that issue is reversed, and the case is remanded to that court for further remand to the Superior Court, Mecklenburg County, for reinstatement of the provision for interest on the award of punitive damages.

REVERSED AND REMANDED.