ANTOINETTE DENISE TORRANCE, PLAINTIFF-APPELLEE v. AS & L MOTORS, LTD.,
DEFENDANT-APPELLANT

No. COA94-1069

(Filed 18 July 1995)

1. **Evidence and Witnesses § 2008 (NCI4th)— sale of car— parol evidence—admissibility to show unfair and deceptive practices**

    Although defendant's oral statements concerning the condition of the automobile sold to plaintiff were parol evidence and inadmissible to contradict the terms of a written contract, the evidence here was not offered to contradict the contract, but rather to prove an unfair or deceptive practice, and the parol evidence rule does not bar the evidence in these situations.

    **Am Jur 2d, Evidence §§ 1108-1110.**

2. **Unfair Competition or Trade Practices § 39 (NCI4th)— statement that vehicle was not wrecked—unfair and deceptive practice**

    The trial court did not err in holding that defendant's statements that an automobile sold to plaintiff had not been wrecked amounted to an unfair and deceptive practice.

    **Am Jur 2d, Consumer and Borrower Protection §§ 302 et seq.**

    **Liability for representations and express warranties in connection with sale of used motor vehicle. 36 ALR3d 125.**

3. **Unfair Competition or Trade Practices § 54 (NCI4th)— unfair and deceptive practices—award of attorney fees— failure to make required findings**

    The trial court erred in awarding attorney fees in an unfair and deceptive practices case where the trial court failed to make required findings as to whether defendant willfully engaged in the deceptive act at issue here and whether defendant made an unwarranted refusal to fully resolve this issue. N.C.G.S. § 75-16.1.

    **Am Jur 2d, Consumer and Borrower Protection § 302.**

Appeal by defendant from judgment entered 25 April 1994 by Judge Chester C. Davis in Forsyth County Superior Court. Heard in the Court of Appeals 25 May 1995.

## TORRANCE v. AS & L MOTORS

[119 N.C. App. 552 (1995)]

This case is based on the sale of a used BMW automobile. Plaintiff alleges claims based on fraud and unfair and deceptive trade practices in violation of Chapter 75 of the North Carolina General Statutes. On 15 June 1992, plaintiff purchased a 1989 BMW automobile from defendant. Several days prior to purchasing it, plaintiff made a visual inspection and drove the vehicle on a road test. Plaintiff testified that she asked defendant's sales manager, Mike Edwards, whether the car had ever been involved in a car accident and his response was that the car had never been involved in an auto accident. Defendant also advised plaintiff that she could have the car inspected by any mechanic or automotive specialist of her choice, but it appeared to him that the right rear quarterpanel of the car had been painted.

Plaintiff purchased the vehicle on 15 June 1992 for the sum of $13,181.00. Defendant agreed to finance $1,100 of the purchase price at a rate of $50 per month. The remainder of the purchase price was financed by plaintiff's credit union. As part of the purchasing agreement, plaintiff executed a statement acknowledging that the vehicle was being sold "as is," without a warranty.

Three weeks after purchasing the vehicle, plaintiff discovered red paint on the windshield of the car and suspected that the vehicle had been involved in an accident. Plaintiff took the car to Ron Lewendowski, an auto body repairman, who advised plaintiff that the vehicle had been substantially damaged on its right side and that it would cost approximately $2,500 to satisfactorily repair the vehicle. Plaintiff returned the vehicle to defendant's premises and demanded a refund of her purchase price or another comparable vehicle that had not been involved in an accident. When defendant refused, plaintiff filed suit against defendant alleging claims of fraudulent misrepresentation and unfair and deceptive trade practices.

The trial court, sitting without a jury, found that although defendant did not commit fraud upon plaintiff, defendant's misleading statements constituted an unfair and deceptive trade practice under G.S. 75-1.1. The trial court awarded plaintiff $2,500 in damages which the trial court trebled to $7,500 pursuant to G.S. 75-16. Defendant appeals.

*Craige, Brawley, Liipfert, Walker & Searcy, L.L.P., by Ronald J. Short, for plaintiff-appellee.*

*Larry L. Eubanks and Robin R. Setzer for defendant-appellant.*

EAGLES, Judge.

Defendant brings forward three assignments of error. After careful review of the record and briefs, we affirm in part, reverse in part and remand.

I.

[1] Defendant first contends that the trial court erred in admitting parol evidence concerning oral statements made to plaintiff by defendant's sales manager prior to plaintiff's execution of the "As Is- No Warranty" Statement. We disagree. Terms set forth in a writing intended to be the final expression of an agreement between two parties may not be contradicted by evidence of any prior agreement or of a contemporaneous oral agreement. G.S. 25-2-202. The general rule of contracts is that parol evidence cannot be admitted to vary, add to, or contradict the express terms of a written contract. *Love v. Keith*, 95 N.C. App. 549, 553, 383 S.E.2d 674, 677 (1989). In the course of purchasing the vehicle, plaintiff signed the following "As Is- No Warranty" statement:

> You will pay all costs for any repairs. The dealer assumes no responsibility for any repairs regardless of any oral statements about the vehicle.

Plaintiff testified that defendant's sales manager, Mike Edwards, told her that the vehicle had not been "wrecked," and that the vehicle was in "good condition." Defendant contends that these statements should have been excluded. G.S. 25-2-316(3) provides:

> (a) [U]nless the circumstances indicate otherwise, all implied warranties are excluded by expressions like "as is," "with all faults" or other language which in common understanding calls the buyer's attention to the exclusion of warranties and makes plain that there is no implied warranty; and

> (b) when the buyer before entering into the contract has examined the goods or the sample or model as fully as he desired or has refused to examine the goods there is no implied warranty with regard to defects which an examination ought in the circumstances to have revealed to him.

Although defendant's oral statements concerning the condition of the automobile were parol evidence and inadmissible to contradict the terms of a written contract, the evidence here was not offered to contradict the contract, but rather to prove an unfair or deceptive prac-

tice. *Love v. Keith*, 95 N.C. App. 549, 553, 383 S.E.2d 674, 677 (1989). The parol evidence rule does not bar the evidence in these situations. *Id.*

**[2]** Defendant further contends that even if the statements made by defendant's sales manager are admissible, the trial court erred in holding that those statements amounted to an unfair and deceptive practice. We disagree. In *Marshall v. Miller*, 302 N.C. 539, 276 S.E.2d 397 (1981), our Supreme Court addressed the question of what acts constituted an unfair and deceptive practice pursuant to G.S. 75-1.1.

> Whether a trade practice is unfair or deceptive usually depends upon the facts of each case and the impact the practice has in the marketplace. A practice is unfair when it offends established public policy as well as when the practice is immoral, unethical, oppressive, unscrupulous, or substantially injurious to consumers. . . . [A] practice is deceptive if it has the capacity or tendency to deceive; proof of actual deception is not required.

*Id.* at 548, 276 S.E.2d at 403 (citations omitted). A purchaser does not have to prove fraud, bad faith or intentional deception to sustain unfair and deceptive practice claim. *Myers v. Liberty Lincoln-Mercury*, 89 N.C. App. 335, 337, 365 S.E.2d 663, 664 (1988). Plaintiff must only show that defendant's statements had the capacity or tendency to deceive and that plaintiff suffered injury as a proximate result of defendant's statements. *Pearce v. American Defender Life Ins. Co.*, 316 N.C. 461, 470-71, 343 S.E.2d 174, 180 (1986).

The trial court, sitting without a jury, found that, "[D]efendant, by its employee, made statements to the plaintiff that lead [sic] the plaintiff to believe the 1989 BMW had not been wrecked. Said statements were material to the parties' transaction and could have mislead the plaintiff and did mislead the plaintiff into purchasing the 1989 BMW." Based on this finding, the trial court concluded as a matter of law that defendant's misleading statements to the plaintiff were an unfair trade practice and that plaintiff was damaged in the amount of $2,500. The trial court's findings of fact in a bench trial have the weight of a jury verdict and are conclusive on appeal if supported by competent evidence. *Foster v. Foster Farms, Inc.*, 112 N.C. App. 700, 707, 436 S.E.2d 843, 847 (1993). This is true even though the evidence might also sustain findings to the contrary. *Id.* We conclude that the trial court's finding in this regard is supported by competent evidence in the record.

**[3]** Finally, defendant contends that the trial court erred in awarding plaintiff $4,750 in attorneys' fees. G.S. 75-16.1 allows the trial court to assess a reasonable attorneys' fee against the losing party. The trial court may award attorneys' fees in its discretion upon a finding that:

(1) The party charged with the violation has willfully engaged in the act or practice, and there was an unwarranted refusal by such party to fully resolve the matter which constitutes the basis of such suit; or

(2) The party instituting the action knew, or should have known, the action was frivolous and malicious.

G.S. 75-16.1.

Defendant contends that there is no finding by the trial court that defendant willfully engaged in the practice of making misleading statements or that defendant made an unwarranted refusal to fully resolve plaintiff's complaint. We agree. To award attorney's fees under G.S. 75-16.1, the trial court must find that: (1) plaintiff is the prevailing party; (2) defendant willfully engaged in a deceptive act or practice; and (3) defendant made an unwarranted refusal to fully resolve the matter. *Evans v. Full Circle Prods., Inc.*, 114 N.C. App. 777, 781, 443 S.E.2d 108, 110 (1994). Even if all three requirements are met, an award of attorneys' fees is within the trial court's discretion. *Id.* Since the trial court failed to make these required findings, we remand to the trial court for additional findings as to whether defendant willfully engaged in the deceptive act at issue here and whether defendant made an unwarranted refusal to fully resolve this issue.

Accordingly, we affirm the trial court's judgment that defendant committed an unfair and deceptive practice in violation of G.S. 75-1.1 and awarding plaintiff treble damages of $7,500. We reverse the award of attorneys' fees and remand to the trial court for additional findings pursuant to G.S. 75-16.1.

Affirmed in part, reversed in part and remanded.

Judges COZORT and GREENE concur.