GAIL OWENS HUFF, Plaintiff, v. AUTOS UNLIMITED, INC., a corporation, DAVID GRANGER and WILLIAM BRITT, d/b/a K & A BODY SHOP AND AUTO SALES, Defendants

No. COA95-1270

(Filed 5 November 1996)

1. **Unfair Competition or Trade Practices § 43 (NCI4th)— sale of salvage automobile—failure of dealer to inspect**

   The trial court did not err in an action arising from the sale of a wrecked automobile by ruling that defendants' actions were unfair or deceptive practices as defined in N.C. Gen. Stat. Chapter 75. Defendants not only failed to visually inspect the vehicle with the knowledge that it had been wrecked, but sold it to a consumer with assurances of its reliability. An automobile dealer with knowledge that a car he intends to sell has been wrecked should not escape liability by pleading ignorance where the damage can be detected by visual inspection; nor should he be allowed to sell the same car with assurances of reliability.

   **Am Jur 2d, Consumer and Borrower Protection §§ 373 et seq.; Monopolies, Restraints of Trade, and Unfair Trade Practices §§ 1154 et seq.**

2. **Unfair Competition or Trade Practices § 45 (NCI4th)— sale of salvage automobile—damages**

   The trial court correctly concluded that plaintiff had suffered an actual injury as a proximate result of defendant's misrepresentations in an action for unfair and deceptive practices arising from the sale of a wrecked automobile where the trial court found that the car was neither safe nor reliable and that plaintiff had been misled by defendants into believing otherwise, the record contains sufficient evidence that the car purchased from

defendants was severely structurally damaged and was not safe to operate, and the record evidence shows that plaintiff purchased the car based on the assurances of defendant and would not have purchased the car had she known it was a reconstructed vehicle.

**Am Jur 2d, Consumer and Borrower Protection §§ 373 et seq.; Monopolies, Restraints of Trade, and Unfair Trade Practices §§ 1154 et seq.**

Appeal by defendants from judgment entered 25 July 1995 by Judge Wiley F. Bowen in Cumberland County Superior Court. Heard in the Court of Appeals 26 August 1996.

*Reid, Lewis, Deese, Nance & Person, by James R. Nance, Jr., for plaintiff-appellee.*

*Bennett & Blancato, L.L.P., by Rodney A. Guthrie, for defendants-appellants.*

LEWIS, Judge.

Plaintiff commenced this action on 29 June 1994 alleging fraud, unfair and deceptive trade practices, and violations of N.C. Gen. Stat. section 20-71.4 and N.C. Gen. Stat. section 20-348. The trial court, sitting without a jury, found violations of G.S. 20-348 and N.C. Gen. Stat. Chapter 75 ("Chapter 75"). Plaintiff was awarded treble damages in the amount of $7,701.00. Defendants appeal.

At issue in this case is the sale of a 1992 Oldsmobile Achieva from defendant Autos Unlimited, Inc. ("Autos Unlimited") to plaintiff on 1 October 1993. Plaintiff testified that prior to the purchase, Defendant Granger assured her several times that the car was reliable. He told her that, although the car had been in a "fender-bender" causing six hundred dollars in electrical work, it was still a good car.

Plaintiff further testified that a couple of days after buying the car, she took it to Triangle Automobiles where she was told that the car had been severely damaged and was given a list of the damaged parts. When she confronted defendant Granger with this list, he denied that the enumerated damages existed, but agreed to fix anything he found wrong with the vehicle. When Ms. Huff later picked up the car, Defendant Granger told her that there was nothing wrong with the vehicle.

Plaintiff testified that at some point thereafter, the alternator quit and the axle fell out twice. Ms. Huff testified after the axle fell out the second time, she did not use the car again. Ms. Huff confirmed that she was never informed that the vehicle had been totalled or that it was a salvaged vehicle. Ms. Huff did acknowledge that she signed an "as-is" warranty at the time she bought the car.

K.W. Benoit, an inspector with the North Carolina Division of Motor Vehicles, testified that after receiving a complaint from Ms. Huff, he ran a computer check on the car. It revealed that the car Ms. Huff purchased from Autos Unlimited had been salvaged. Mr. Benoit acknowledged, however, that the title received by Autos Unlimited did not indicate that the vehicle was salvaged or reconstructed or that it had ever been involved in a serious accident.

Mr. Billy Melvin, an employee of Triangle Automobiles, stated that upon examination of Ms. Huff's vehicle, he noticed several badly damaged parts. He then ran a computer check which revealed that the car had been totaled in 1992. It was Mr. Melvin's testimony that the car was not safe to operate on the streets of North Carolina. Furthermore, based upon his thirty-four years in the car business, he opined that any person experienced in dealing with automobiles should have known upon looking under the hood that the car had been significantly damaged.

Defendant David Granger testified that he and his wife have owned Autos Unlimited since November 1991 and that he has been in the automobile business since 1981. He further testified that he knew when he purchased it that the car he sold to Gail Huff had been wrecked, but that he had not received any disclosure form indicating that it was a salvaged or reconstructed vehicle. Mr. Granger testified that he personally examined the vehicle at the time he purchased it. He stated that, despite the fact that he had been told the car had been wrecked, he made no attempt to determine the amount of damage the vehicle had suffered.

We first note that in violation of Appellate Rule 28(b)(5), defendants have failed to reference an assignment of error after either argument presented in their brief. This failure subjects defendants' appeal to dismissal. *Hines v. Arnold*, 103 N.C. App. 31, 37, 404 S.E.2d 179, 183 (1991). However, exercising our discretion under Appellate Rule 2, we have chosen to suspend the requirements of Rule 28 since the assignment of error intended is fairly evident from the content of the arguments. In doing so, we observe that, although defendants pre-

sented three assignments of error, they only argue two in their brief. Assignment of error number one is deemed abandoned. N.C.R. App. P 28(b)(5) (1996).

**[1]** Defendants argue that the trial court erred in ruling that their acts were unfair or deceptive trade practices as defined in Chapter 75. "A practice is unfair when it offends established public policy as well as when the practice is immoral, unethical, oppressive, unscrupulous, or substantially injurious to consumers." *Marshall v. Miller*, 302 N.C. 539, 548, 276 S.E.2d 397, 403 (1981). "[A] practice is deceptive if it has the capacity or tendency to deceive; proof of actual deception is not required." *Id.* In order to prevail in a Chapter 75 claim, a plaintiff must show: "(1) an unfair or deceptive act or practice . . . , (2) in or affecting commerce, (3) which proximately caused actual injury to plaintiff or to his business." *Spartan Leasing v. Pollard*, 101 N.C. App. 450, 461, 400 S.E.2d 476, 482 (1991). The second requirement, that the act or practice be "in or affecting commerce," is not at issue in this case.

The trial court's findings of fact in a bench trial are conclusive on appeal if they are supported by competent evidence. *Foster v. Foster Farms, Inc.*, 112 N.C. App. 700, 706, 436 S.E.2d 843, 847 (1993). This is true even though the evidence might also support contrary findings. *Id.* When no assignment of error is made to findings of fact, they are presumed to be supported by competent evidence and are binding on appeal. *Anderson Chevrolet/Olds v. Higgins*, 57 N.C. App. 650, 653, 292 S.E.2d 159, 161 (1982).

Defendants did not assign error to any of the following findings of fact. They are therefore presumed to be supported by competent evidence and are binding on appeal.

8. That the Defendant Granger represented to the Plaintiff that the vehicle was a reliable and safe vehicle and that the Plaintiff reasonably relied upon that representation.

9. That the Oldsmobile Achieva was previously a salvaged or reconstructed vehicle.

10. That the Defendant Autos Unlimited, Inc. through its servants, agents, and employees and particularly the Defendant Granger did not disclose to the Plaintiff that the vehicle was or had been a salvaged or reconstructed vehicle.

* * *

**HUFF v. AUTOS UNLIMITED, INC.**

[124 N.C. App. 410 (1996)]

12. That the Plaintiff was misled by the Defendant into believing that there had not been a substantial change to the vehicle as a result of accident or damage.

\* \* \*

17. That the Defendant Granger purchased the vehicle for resale to the public and knew at the time of the purchase that the vehicle had been wrecked but took no steps to determine the extent of the damage of the vehicle including a reasonable inspection of the vehicle itself.

Defendants correctly argue that their failure to conduct a complete title search cannot subject them to liability under Chapter 75. *See Ramsey v. Keever's Used Cars*, 92 N.C. App. 187, 191, 374 S.E.2d 135, 138 (1988). However, we hold that the failure to conduct a simple visual inspection of the car once a dealer knows of its involvement in an accident can subject the dealer to liability under Chapter 75 under certain circumstances. In this case, defendants not only failed to visibly inspect the vehicle with the knowledge that it had been wrecked, but additionally sold it to a consumer with assurances of its reliability. These actions are surely unethical, unscrupulous, substantially injurious to consumers and have the capacity or tendency to deceive. An automobile dealer with knowledge that a car he intends to sell has been wrecked should not escape liability by pleading ignorance where the damage can be detected by visual inspection; nor likewise, should he be allowed to sell the same car with assurances of reliability.

[2] Therefore, the only issue left for our consideration is whether Ms. Huff suffered an actual injury as a proximate result of defendants' misrepresentations. This requirement is clearly satisfied here. The trial court found that the car purchased by Ms. Huff was neither safe nor reliable and that she had been misled by defendants into believing otherwise. The record contains sufficient evidence that the car purchased from defendants was severely structurally damaged and was not safe to operate. Furthermore, the record evidence shows that Ms. Huff purchased this car based on the assurances of defendant Granger and would not have purchased the car had she known it was a reconstructed vehicle. The trial court was correct in concluding that Ms. Huff suffered actual injury as a proximate result of defendants' misrepresentations.

We therefore affirm the trial court's ruling that defendants committed unfair and deceptive trade practices in violation of Chapter 75

of the North Carolina General Statutes. Accordingly, there is no need to review defendants' remaining assignment of error since a violation of Chapter 75 is sufficient alone to sustain the treble damages awarded by the trial court.

Affirmed.

Judges JOHNSON and WYNN concur.