IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA15-813

Filed: 5 January 2015

Catawba County, No. 14 CVS 552

LISA G. SAIN and JAMES W. SAIN, Plaintiffs,

v.

ADAMS AUTO GROUP, INC. and CAPITAL ONE AUTO FINANCE, INC., Defendants.

Appeal by plaintiffs from order entered 28 April 2015 by Judge Hugh B. Lewis in Catawba County Superior Court. Heard in the Court of Appeals 3 December 2015.

*Law Offices of Jason E. Taylor, PC, by Lawrence B. Serbin and Jason E. Taylor, for plaintiffs-appellants.*

*Meier Law, P.L.L.C., by Stephen W. Kearney, for defendant-appellee Adams Auto Group, Inc.*

*McGuire Woods LLP, by Amanda W. Abshire and Terrence M. McKelvey, for defendant-appellee Capital One, N.A.*

TYSON, Judge.

Lisa G. Sain and James W. Sain ("Plaintiffs") appeal from order allowing the motions to dismiss of Adams Auto Group, Inc. and Capital One, N.A. (collectively, "Defendants"). We affirm in part, reverse in part, and remand.

I. Factual Background

Plaintiffs purchased a used 2010 Honda Civic automobile ("the vehicle") from defendant, Adams Auto Group ("Adams") on 18 January 2013. The vehicle was

previously owned by the Freemans, who are not a party to this action. The Freemans had financed their purchase of the vehicle through defendant, Capital One. The vehicle was involved in a collision in June 2012. Capital One subsequently repossessed the vehicle after the Freemans declined to retake possession of the vehicle after it was repaired.

Capital One sold the vehicle to Adams at an Automotive Dealer Exchange Services of America ("ADESA") auction in Charlotte, North Carolina on 20 September 2012. It was announced during the auction, and prior to sale, that the vehicle had sustained frame damage.

Plaintiffs purchased the vehicle from Adams for $15,843.70. The salesperson purportedly told Plaintiffs, to the best of his knowledge, the vehicle had not been involved in a collision or other occurrence to the extent that the cost of repairs exceeded 25% of the vehicle's fair market value. Adams also provided a "Carfax report," which stated the vehicle had two previous owners and no accident or damage had been reported to Carfax. Plaintiffs signed a Buyer's guide "As Is—No Warranty" disclosure and agreement as part of their sales contract to purchase the vehicle.

The vehicle began to experience various mechanical problems sometime after the date of purchase. Plaintiffs took the vehicle to Hickory Used Car Superstore to explore trading it in for another vehicle. Plaintiffs allegedly first learned the vehicle had previously sustained frame damage through an "AutoCheck report" at this time.

Plaintiffs brought the vehicle to Hendrick Honda for repairs, where it was discovered a motor mount and an antilock braking system ("ABS") modulator valve were broken. Plaintiffs contacted their insurance agent, who produced an auto loss history report on the vehicle. According to the report, a claim on the policy covering the vehicle was filed on 22 June 2012 and $7,539.00 had been paid out for property damages on that claim. The specific cost of actual repairs to the vehicle itself was not disclosed.

Plaintiffs filed a complaint against Adams on 13 March 2014. Plaintiffs alleged claims against Adams for: (1) fraud; (2) tortious breach of contract; (3) civil conspiracy; (4) unfair and deceptive trade practices, pursuant to N.C. Gen. Stat. § 75-1.1 (2013) ("the UDTPA"); and (5) negligence.

On 4 December 2014, Plaintiffs filed an amended complaint, in which they added Capital One as a party-defendant to all claims, except for tortious breach of contract. Plaintiffs averred Capital One had failed to disclose the condition of the vehicle prior to selling it to Adams at auction.

Defendant Adams filed an answer to Plaintiffs' claims. Capital One did not answer Plaintiffs' complaint. Capital One and Adams each filed separate motions to dismiss all pending claims pursuant to the North Carolina Rules of Civil Procedure, Rule 12(b)(6) on 20 January 2015 and 2 February 2015, respectively.

Defendants' motions to dismiss were heard on 16 March 2015. During the hearing, counsel for Plaintiffs contended it was "reasonable that a person would rely on a chain of title or a damage history that's created by the chain of title when purchasing a car, especially if they're buying it 'as-is,' which is what happened here." The trial court asked, "And did the Sains purchase this car 'as-is'? Was it denoted on the purchase sticker?" Counsel for Plaintiffs responded, "I believe so, Your Honor, yes, sir." The trial court also asked Adams' counsel whether he had any knowledge about the vehicle being purchased "as-is."

Counsel for Adams stated he was aware of this fact, as evidenced by a document entitled "Buyer's Guide," acquired during the discovery phase of the original complaint. Adams' counsel offered to show the trial court a copy of this document. Plaintiffs' counsel made no objection.

The trial court entered an order allowing both Defendants' motions to dismiss, and dismissed all of Plaintiffs' claims with prejudice. The trial court made the following pertinent conclusions of law in its order:

> 1. There is no direct reliance on any misrepresentations of Defendant Capital One and Defendant Adams Auto Group by Plaintiffs Lisa G. Sain and James W. Sain.
>
> 2. Defendants Capital One and Adams Auto Group did not enter into an agreement, or conspire, to commit any wrongful overt acts to injure future purchasers of the Honda Civic.

3.  Plaintiffs cannot assert an Unfair or Deceptive Trade Practice Act (UDTPA) claim against Defendant Capital One based on Defendant Adams Auto Group's purported refusal to redress Plaintiffs' alleged grievances.

4.  Plaintiffs' Amended Complaint fails to appropriately allege a duty owed by either Defendant Adams Auto Group or Defendant Capital One on each of Plaintiffs' claims or causes of action. Where there is no duty there can be no liability of Defendants Adams Auto Group and/or Defendant Capital One to Plaintiffs Lisa G. Sain and James W. Sain.

Plaintiffs gave timely notice of appeal to this Court.

## II. Issues

Plaintiffs argue the trial court erred by: (1) allowing Capital One's motion to dismiss based on a lack of privity; (2) dismissing Plaintiffs' claim for civil conspiracy by improperly testing the facts of the case; (3) allowing Adams' motion to dismiss based on Plaintiffs' lack of direct reliance on any misrepresentation by Adams, and a lack of any duty owed to Plaintiffs; and, (4) dismissing Plaintiffs' claim for tortious breach of contract based on the trial court's consideration of a document outside the pleadings.

## III. Standard of Review

On a motion to dismiss pursuant to Rule 12(b)(6) of the North Carolina Rules of Civil Procedure, the standard of review is whether, as a matter of law, the allegations of the complaint, treated as true, are sufficient to state a claim upon which relief may be granted under some legal theory. The complaint must be liberally construed, and the court should not dismiss the complaint unless it appears beyond

a doubt that the plaintiff could not prove any set of facts to support his claim which would entitle him to relief.

*Holleman v. Aiken*, 193 N.C. App. 484, 491, 668 S.E.2d 579, 584-85 (2008) (citation and quotation marks omitted).

"Dismissal is warranted (1) when the face of the complaint reveals that no law supports plaintiffs' claim; (2) when the face of the complaint reveals that some fact essential to plaintiffs' claim is missing; or (3) when some fact disclosed in the complaint defeats plaintiffs' claim." *Walker v. Sloan*, 137 N.C. App. 387, 392, 529 S.E.2d 236, 241 (2000) (citation and internal quotation marks omitted).

"[T]he trial court regards all factual allegations of the complaint as true. Legal conclusions, however, are not entitled to a presumption of truth." *Id.* (citations omitted). This Court "conducts a *de novo* review of the pleadings to determine their legal sufficiency and to determine whether the trial court's ruling on the motion to dismiss was correct." *Podrebarac v. Horack, Talley, Pharr, & Lowndes, P.A.*, __ N.C. App. __, __, 752 S.E.2d 661, 663-64 (2013) (citation omitted).

### III. Analysis

#### A. Capital One's Motion to Dismiss

Plaintiffs argue the trial court erred by allowing Capital One's motion to dismiss. They assert the trial court wrongfully concluded Capital One did not make any misrepresentations to Plaintiffs directly, nor did Plaintiffs have any direct dealing with Capital One. Plaintiffs contend the trial court erroneously concluded

privity was required for Plaintiffs to have any viable claims against Capital One. Plaintiffs also argue the trial court erred by concluding Capital One did not owe a duty to Plaintiffs. We disagree.

### 1. Fraud and Violation of the UDTPA

It is well-established to state a claim for fraud, a plaintiff must allege: "(1) [f]alse representation or concealment of a material fact, (2) reasonably calculated to deceive, (3) made with intent to deceive, (4) which does in fact deceive, (5) resulting in damage to the injured party." *Ragsdale v. Kennedy*, 286 N.C. 130, 138, 209 S.E.2d 494, 500 (1974) (citations omitted). "An essential element of actionable fraud is that the false representation or concealment be made *to the party acting thereon*." *Hospira Inc. v. AlphaGary Corp.*, 194 N.C. App. 695, 699, 671 S.E.2d 7, 11 (emphasis in original) (citation omitted), *disc. review. denied*, 363 N.C. 581, 682 S.E.2d 210 (2009).

A plaintiff who brings a claim under N.C. Gen. Stat. § 75-1.1 (2013) must allege: "(1) the defendant committed an unfair or deceptive act or practice, (2) the action in question was in or affecting commerce, and (3) the act proximately caused injury to the plaintiff." *Capital Resources, LLC v. Chelda, Inc.*, 223 N.C. App. 227, 239, 735 S.E.2d 203, 212 (2012) (citation and quotation marks omitted), *disc. review dismissed and cert. denied*, __ N.C. __, 736 S.E.2d 191 (2013).

"Where an unfair or deceptive practice claim is based upon an alleged misrepresentation by the defendant, *the plaintiff must show 'actual reliance' on the*

*alleged misrepresentation* in order to establish that the alleged misrepresentation 'proximately caused' the injury of which plaintiff complains." *Tucker v. Blvd. at Piper Glen LLC*, 150 N.C. App. 150, 154, 564 S.E.2d 248, 251 (2002) (emphasis supplied) (citation omitted). Here, the trial court determined "[t]here is no direct reliance on any misrepresentations of Defendant Capital One[.]"

Plaintiffs' arguments misconstrue the trial court's conclusion by equating direct reliance with privity of contract. Nowhere in the order did the trial court conclude privity of contract was required for Plaintiffs to sufficiently allege claims for fraud or violation of the UDTPA. Contrary to Plaintiffs' argument, the trial court's order clearly shows it *did not* dismiss their claims against Capital One based on a lack of privity. *Id.*

Plaintiffs' amended complaint is wholly devoid of allegations tending to show Capital One made any direct statements to Plaintiffs, or Plaintiffs' decision to purchase the vehicle was based on any actual misrepresentations or omissions made by Capital One. In their amended complaint, Plaintiffs aver Capital One misrepresented the vehicle's condition at an ADESA auction. Plaintiffs did not purchase the vehicle at the auction. Plaintiffs do not contend they were present at the auction or had any knowledge of Capital One's alleged misrepresentations when they decided to purchase the vehicle from Adams.

### 2. Negligence

Plaintiffs' amended complaint lacks any factual allegations which tend to establish any duty owed by Capital One to Plaintiffs. Plaintiffs alleged Capital One "had a duty reasonably to know, investigate, and/or determine the condition, prior collision record, and status of the vehicle it sold, and to accurately represent that condition to potential and/or actual purchasers, including Plaintiff[s]."

Plaintiffs cite N.C. Gen. Stat. § 20-71.4 in support of their argument that Capital One owed a duty to Plaintiffs, the ultimate consumers, to disclose the collision and damage. Plaintiffs' reliance on N.C. Gen. Stat. § 20-71.4 to support this claim is misplaced.

N.C. Gen. Stat. § 20-71.4 makes it unlawful "for any transferor of a motor vehicle" to

> [t]ransfer a motor vehicle up to and including five model years old when the transferor has knowledge that the vehicle has been involved in a collision or other occurrence to the extent that the cost of repairing that vehicle . . . exceeds twenty-five percent (25%) of its fair market retail value at the time of the collision or other occurrence, without disclosing that fact in writing *to the transferee* prior to the transfer of the vehicle.

N.C. Gen. Stat. § 20-71.4(a)(1) (2013) (emphasis supplied).

To the extent N.C. Gen. Stat. § 20-71.4, a misdemeanor criminal statute, imposed a duty on Capital One to disclose certain information, the plain language of the statute requires, and limits, any disclosure to be made "to the transferee." *Id.* There is no dispute that the facts at bar clearly show the transferee, with respect to

Capital One, was Adams, *not* Plaintiffs. *See Bowman v. Alan Vester Ford Lincoln Mercury*, 151 N.C. App. 603, 610-11, 566 S.E.2d 818, 822-24 (2002) (declining to find vehicle-owner plaintiff had sufficiently alleged a duty owed by prior transferor, where the vehicle was sold by prior transferor to defendant auto dealership prior to purchase by plaintiff).

Plaintiffs have failed to allege any direct reliance on Capital One's statements or omissions, if any, regarding the vehicle's condition announced at a dealer's auction. Plaintiffs' fraud and UDTPA claims against Capital One fail as a matter of law. Plaintiffs have also failed to sufficiently allege Capital One owed any legal duty directly to Plaintiffs. The trial court properly allowed Capital One's motion to dismiss Plaintiffs' fraud, UDTPA, and negligence claims, as alleged against defendant Capital One. This argument is overruled.

## B. Civil Conspiracy

Plaintiffs argue the trial court improperly "tested the facts" of the case when it dismissed Plaintiffs' civil conspiracy claim against both Defendants. Counsel for Plaintiffs announced they were abandoning this issue during oral argument. The portion of the trial court's order dismissing this claim against both Defendants is affirmed.

## C. Adams' Motion to Dismiss

Plaintiffs argue the trial court erred by dismissing their claims against Adams. Plaintiffs contend allegations in their amended complaint sufficiently tend to establish Plaintiffs relied on Adams' misrepresentations regarding the vehicle's condition. Plaintiffs also argue Adams had a duty to disclose the vehicle's true condition and to inspect the vehicle.

The trial court allowed Adams' motion to dismiss for the following reasons: (1) there was no direct reliance on any misrepresentations made by Adams; (2) Adams and Capital One did not enter into an agreement "to commit any wrongful overt acts to injure future purchasers" of the vehicle; (3) Plaintiffs could not assert a UDTPA violation based on Adams' "purported refusal to redress Plaintiffs' alleged grievances[;]" and (4) Plaintiffs' complaint "fail[ed] to appropriately allege a duty owed by" Adams.

## 1. UDTPA Claim

Plaintiffs argue the trial court erred by dismissing their claim against Adams for violating N.C. Gen. Stat. § 75-1.1. Plaintiffs contend dismissal was not warranted at this stage in the litigation. We agree.

> A practice is unfair when it offends established public policy as well as when the practice is immoral, unethical, oppressive, unscrupulous, or substantially injurious to consumers. A practice is deceptive if it has the capacity or tendency to deceive; proof of actual deception is not required. In order to prevail in a Chapter 75 claim, a plaintiff must show: (1) an unfair or deceptive act or practice, (2) in or affecting commerce, (3) which

> proximately caused actual injury to plaintiff or to his business.

*Huff v. Autos Unlimited, Inc.*, 124 N.C. App. 410, 413, 477 S.E.2d 86, 88 (1996) (citations and internal quotation marks omitted), *cert. denied*, 346 N.C. 279, 487 S.E.2d 546 (1997); *see also Myers v. Liberty Lincoln-Mercury, Inc.*, 89 N.C. App. 335, 337, 365 S.E.2d 663, 664 (1988) (holding a purchaser does not have to prove fraud, bad faith, or intentional deception to sustain unfair and deceptive practice claim); *Pearce v. Am. Defender Life Ins. Co.*, 316 N.C. 461, 470-71, 343 S.E.2d 174, 180 (1986) (holding plaintiff must only show defendant's actions or statements had the capacity or tendency to deceive and that plaintiff suffered actual injury as a proximate result of defendant's statements).

"Whether a trade practice is unfair or deceptive usually depends upon the facts of each case and the impact the practice has in the marketplace." *Marshall v. Miller*, 302 N.C. 539, 548, 276 S.E.2d 397, 403 (1981) (citations omitted). This Court held the fact that a purchaser signed an "As Is—No Warranty" agreement upon buying a used vehicle is not fatal to his or her claim for a violation of the UDTPA. *See Huff*, 124 N.C. App. at 412, 477 S.E.2d at 88; *Torrance v. AS & L Motors, Ltd.*, 119 N.C. App. 552, 554, 459 S.E.2d 67, 69; *disc. review denied*, 341 N.C. 424, 461 S.E.2d 768 (1995).

It is a violation of the UDTPA for an employee of an auto dealership to make a statement to a customer leading the customer to believe the vehicle has not been

involved in a collision, when the employee knows this to be untrue. *Torrance*, 119 N.C. App. at 556, 459 S.E.2d at 70. An auto dealer's failure to "conduct a simple visual inspection of the car once a dealer knows of its involvement in an accident" may also subject the dealer to liability under the UDTPA "under certain circumstances." *Huff*, 124 N.C. App. at 414, 477 S.E.2d at 89.

Here, Plaintiffs' claim for unfair and deceptive practices is based on Adams' alleged misrepresentation of the condition of the vehicle after purchasing it at auction, where it was announced prior to Adams' purchase that the vehicle had frame damage. Plaintiffs also allege in their complaint Adams "should have determined or known that Plaintiff's [sic] claims were in fact valid, and nevertheless thereafter refused, and continues to refuse to repair, rectify, or financially compensate [Plaintiffs.]"

Plaintiffs' amended complaint, treating all factual allegations contained therein as true, sufficiently alleged a claim against defendant Adams for a violation of the UDTPA to survive Adams' motion to dismiss. The portion of the trial court's order dismissing Plaintiffs' claim against Adams for unfair and deceptive trade practices is reversed and this cause remanded on that issue.

### 2. Fraud, Tortious Breach of Contract, and Negligence Claims

At the hearing on Defendants' motions to dismiss, counsel for Plaintiffs admitted Plaintiffs had signed a Buyer's Guide "As Is—No Warranty" disclosure as

part of the sales agreement at the time they purchased the vehicle. This agreement stated, in part: "You will pay all costs for any repairs. The dealer assumes no responsibility for any repairs regardless of any oral statements about the vehicle." This fact, and the language of the provision itself, directly negate Plaintiffs' allegations that they relied on any purported misrepresentations Adams made about the vehicle to support the remainder of their claims.

In *Ace, Inc. v. Maynard*, 108 N.C. App. 241, 423 S.E.2d 504 (1992), *disc. review denied*, 333 N.C. 574, 429 S.E.2d 567 (1993), the plaintiff purchased a used airplane after signing a "Purchase Agreement," which provided the plaintiff understood the airplane was "being sold 'AS IS,'" with no representations or warranties.

The plaintiff filed a complaint against the previous owner for fraud and violation of the UDTPA after he experienced problems with the brakes and the plane's steering mechanism. *Id.* at 244, 423 S.E.2d at 506. This Court held the plaintiff failed to establish essential facts to his claims by virtue of the written and signed "as is" sales agreement:

> [B]ecause [plaintiff] effectively agreed when he signed the Purchase Agreement that defendants made no representations whatsoever with regard to the plane, plaintiff is unable to establish the making of a *false* representation. Moreover, plaintiff failed to establish concealment of a material fact on the part of defendants because plaintiff presented no evidence that defendants knew of any defects in the plane.

*Id.* at 250, 423 S.E.2d at 510 (emphasis in original) (citation omitted).

Here, it is undisputed that Plaintiffs purchased the vehicle "As Is—No Warranty[.]" Plaintiffs are "unable to establish the making of a false representation[,]" which Plaintiffs must prove to prevail on their fraud claim. *Id.* (emphasis omitted). The facts Plaintiffs alleged in their amended complaint do not assert a valid fraud claim against Adams.

Our review of the allegations and record also reveals no indication Adams knew of the vehicle's extensive damage prior to purchasing it at auction. The CarFax report, which Adams shared with Plaintiffs, also failed to reveal any reported incidents of damage to the vehicle. "The required scienter for fraud is not present without both knowledge and an intent to deceive, manipulate, or defraud." *RD & J Properties v. Lauralea-Dilton Enterprises, LLC*, 165 N.C. App. 737, 745, 600 S.E.2d 492, 498-99 (2004) (citation omitted). *See also Myers & Chapman, Inc. v. Thomas G. Evans, Inc.*, 323 N.C. 559, 568, 374 S.E.2d 385 391 (1988) (holding a reckless disregard of the truth of a statement may be sufficient to satisfy the "false representation" element of fraud, but is insufficient to meet the "intent to deceive" requirement). Plaintiffs did not and cannot sufficiently allege the scienter requirement to support a fraud claim based on the facts at bar.

Plaintiffs cannot avoid responsibility for their agreement and prevail on their remaining claims against Adams, because they admittedly and expressly bought the car "as is," with no warranty. This fact negates crucial elements of all of Plaintiffs'

remaining claims against Adams. The trial court properly dismissed Plaintiffs' claims against Adams. This argument is overruled.

### D. Consideration of a Document Outside the Pleadings

Plaintiffs argue the trial court erred by dismissing their tortious breach of contract claim against Adams. Plaintiffs contend the trial court improperly considered a document outside the pleadings when it took into account the Buyer's Guide "As Is—No Warranty" agreement as a part of the sales contract. We disagree.

Our review of the record shows it appears the only document other than the pleadings, which was before the trial court in connection with Defendants' motions to dismiss was the "As Is—No Warranty" agreement Plaintiffs signed when they purchased the vehicle. This document was contained in the Buyer's Guide, which was part of the sales contract between Plaintiffs and Adams.

The sales contract for the vehicle, including the Buyer's Guide "As Is—No Warranty" agreement, was expressly incorporated by reference in Plaintiffs' complaint. The trial court properly considered the "As Is—No Warranty" agreement in connection with the motion to dismiss as part of the pleadings. *See Oberlin Capital, L.P. v. Slavin*, 147 N.C. App. 52, 60-61, 554 S.E.2d 840, 847 (2001) (holding trial court did not err by reviewing loan agreement when ruling on motion to dismiss where loan agreement was subject of plaintiff's complaint).

We also note the existence of the "As Is—No Warranty" agreement was first introduced by *counsel for Plaintiffs* at the beginning of the hearing on Defendants' motions to dismiss. Plaintiffs' counsel informed the trial judge Plaintiffs had signed an "As Is—No Warranty" agreement at the time they had purchased the vehicle. The trial judge asked Adams' attorney whether he knew this to be a fact. Adams' attorney responded in the affirmative, and stated he had a copy of the document on hand. Counsel for Plaintiffs did not object or question the document's validity at any point.

Even presuming error, the transcript of the hearing clearly shows any error the trial court committed by reviewing and considering this document was invited error by Plaintiffs. Invited error has been defined as:

> "a legal error that is not a cause for complaint because the error occurred through the fault of the party now complaining." The evidentiary scholars have provided similar definitions; e.g., "the party who induces an error can't take advantage of it on appeal", [sic] or more colloquially, "you can't complain about a result you caused."

21 Charles Alan Wright and Kenneth W. Graham, Jr., *Federal Practice and Procedure* § 5039.2, at 841 (2d ed. 2005) (footnotes omitted); *see also Frugard v. Pritchard*, 338 N.C. 508, 512, 450 S.E.2d 744, 746 (1994) ("A party may not complain of action which he induced." (citations omitted)).

Plaintiffs' argument on appeal is "merely attempting to close the barn door after the horse was out." *Wilmar, Inc. v. Liles*, 13 N.C. App. 71, 79, 185 S.E.2d 278, 283 (1971), *cert. denied*, 280 N.C. 305, 186 S.E.2d 178 (1972); *see also* Cambridge

Idioms Dictionary 395-96 (2nd ed. 2006) ("Closing/shutting the stable door after the horse has bolted" refers to "trying to stop something bad happening when it has already happened and the situation cannot be changed.").

## IV. Conclusion

Plaintiffs did not purchase the vehicle from Capital One at auction. Plaintiffs' amended complaint did not contain any allegations tending to show Capital One made any direct statements to Plaintiffs, or that Plaintiffs' decision to purchase the vehicle was based upon Plaintiffs' reliance on any misrepresentations made by Capital One.

The trial court did not require Plaintiffs to establish privity of contract with Capital One. The trial court properly dismissed Plaintiffs' claims of fraud and violation of UDTPA against Capital One.

Plaintiffs' amended complaint lacks any factual allegations which would tend to establish Capital One owed any duty to Plaintiffs. The trial court properly dismissed Plaintiffs' negligence claim against Capital One.

Plaintiffs complaint, regarding all factual allegations as true, sufficiently alleged a claim for unfair and deceptive trade practices against Adams to survive dismissal. The trial court erred by prematurely allowing Adams' motion to dismiss as it pertains solely to this claim.

Plaintiffs purchased the vehicle with a written and signed "As Is—No Warranty" agreement as a part of the sales contract. This fact is undisputed and defeats Plaintiffs' remaining claims against Adams. The trial court did not err by dismissing Plaintiffs' remaining claims against Adams.

The "As Is—No Warranty" agreement was part of the Buyer's Guide and sales contract, incorporated by reference in the pleadings. The trial court properly considered this document as part of the pleadings. Counsel for Plaintiffs initially informed the trial judge Plaintiffs had purchased the car "as is." Any error committed by the trial court in considering this document was invited error by Plaintiffs.

The order from which Plaintiffs appeal is affirmed as to all claims against Capital One, affirmed in part as to Plaintiffs' fraud, tortious breach of contract, civil conspiracy, and negligence claims against Adams, and reversed and remanded as to Plaintiffs' claim for unfair and deceptive trade practices against Adams.

AFFIRMED IN PART; REVERSED IN PART, AND REMANDED.

Judges STROUD and DIETZ concur.